■ HAIM PINHAS et al., Appellants, v PAULINE COMPERCHIO et al., Respondents. [857 NYS2d 616]—

In an action to recover damages for breach of contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated October 16, 2006, which denied their cross motion for summary judgment and granted the defendants' motion for summary judgment dismissing the complaint and for judgment on the counterclaim of the defendant Pauline Comperchio for the return of a down payment in the principal sum of $52,500.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and for judgment on the counterclaim of the defendant Pauline Comperchio (hereinafter the seller) for the amount of the down payment made by the plaintiffs Haim Pinhas and Margaliy Laniado (hereinafter the purchasers). The seller established her prima facie entitlement to judgment as a matter of law that she was ready, willing, and able to perform on the law day, while the purchasers failed to proceed with the closing (*see Engelhardt v McGinnis*, 2 AD3d 572 [2003]). In response to this showing, the purchasers failed to raise a triable issue of fact as to whether they tendered performance and permitted the seller an opportunity to cure any alleged default (*see Cohen v Kranz*, 12 NY2d 242 [1963]; *Hegner v Reed*, 2 AD3d 683 [2003]; *R.C.P.S. Assoc. v Karam Devs.*, 258 AD2d 510 [1999]). Pursuant to the contract of sale, the seller is entitled to the amount of the down payment as liquidated damages. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.