■ In the Matter of the Estate of JOHN HENRY HICKS, Deceased. GENESIS HOLDING OF NASSAU, LLC, Appellant; LOIS M. ROSENBLATT, Public Administrator of Queens County, Respondent. [899 NYS2d 371]—

In a probate proceeding in which Genesis Holding of Nassau, LLC, petitioned to be relieved of purchasing certain real property from a decedent's estate, the petitioner appeals (1), as limited by its brief, from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated September 2, 2008, as granted the motion of Lois M. Rosenblatt, Public Administrator of Queens County, for summary judgment dismissing the petition, and (2) from an order of the same court dated March 27, 2009, which denied its motion for leave to renew its opposition to the prior motion.

Ordered that the order dated September 2, 2008, is reversed insofar as appealed from, on the law, the motion of Lois M. Rosenblatt, Public Administrator of Queens County, for summary judgment dismissing the petition is denied, and upon searching the record, summary judgment is awarded in favor of the petitioner and the petition is granted; and it is further,

Ordered that the appeal from the order dated March 27, 2009, is dismissed as academic in light of our determination on the appeal from the order dated September 2, 2008; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

In 1968, the subject property, located at 143-04 Farmers Boulevard in Jamaica (hereinafter the property), was acquired by the decedent John Henry Hicks (hereinafter John) and his wife Birta Sue Hicks (hereinafter Birta). In 1973, John and Birta transferred ownership of the property to "Birta Realty Corp.," a corporation in which they were the sole shareholders (each owning 10 shares of stock), and of which John was the sole director and officer. In 1996, Birta Realty Corp. (hereinaf-

ter Birta Realty) was dissolved by proclamation. In 2001 Birta died, and in 2002, John died. On June 21, 2007, the respondent Lois M. Rosenblatt, Public Administrator of Queens County (hereinafter the Public Administrator), was appointed administrator of John's estate (hereinafter the Estate).

On October 25, 2007, the Public Administrator auctioned the property, and the petitioner, Genesis Holding of Nassau, LLC (hereinafter Genesis Holding), was the highest bidder. Genesis Holding agreed to purchase the property from the Estate for the sum of $735,000. A contract of sale was entered into by the Public Administrator on behalf of the Estate and Genesis Holding. In the contract, the seller was listed as "LOIS M. ROSEN-BLATT, Public Administrator of Queens County, as Administratrix of the Estate of John Henry Hicks, deceased," and the contract contains no mention of Birta Realty. The contract required the Public Administrator to convey "such title as any reputable New York Title Insurance Co. and its underwriters would be willing to approve and insure in accordance with their standard form of title policy." The contract of sale made the closing time of the essence, and, upon the signing of the contract, Genesis Holding gave the Public Administrator a down payment in the sum of $73,500.

After Genesis Holding failed to tender performance on the time-of-the-essence date, the Public Administrator declared it to be in default, and later sold the property to another buyer. Genesis Holding commenced this proceeding in the Surrogate's Court seeking to be relieved of its obligations under the contract and the return of its down payment, arguing, inter alia, that title to the property was in Birta Realty, not the Estate, and that the title insurer required proof that the Estate was authorized by Birta Realty to convey the property. The Surrogate's Court granted the Public Administrator's motion for summary judgment dismissing the petition, holding that the Public Administrator "had the power to liquidate the assets of the corporation in its capacity as fiduciary for the decedent who was the sole surviving officer and shareholder of Birta Realty." We reverse, and upon searching the record, award summary judgment to Genesis Holding and grant its petition.

A seller holding a buyer in breach of a time-of-the-essence contract bears the burden on a motion for summary judgment to demonstrate that she was ready, willing, and able to perform on the law day, and that the buyer failed to appear and proceed with the closing (see Stenda Realty, LLC v Kornman, 67 AD3d 996, 998 [2009]; Pinhas v Comperchio, 50 AD3d 1117 [2008]; Engelhardt v McGinnis, 2 AD3d 572 [2003]). Here, the Public

Administrator not only failed to demonstrate that she was ready, willing, and able to convey title in conformity with the contract, but her submissions established that she was in fact not able to convey title because she lacked corporate authorization to do so. Title to Birta Realty's property did not pass to its shareholders upon dissolution; rather, it remained in the corporation's name. "The directors of a dissolved corporation shall not be deemed to be trustees of its assets; title to such assets shall not vest in them, but shall remain in the corporation until transferred by it in its corporate name" (Business Corporation Law § 1006 [a] [1]). "A dissolved corporation, its directors, officers, and shareholders may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place" (Business Corporation Law § 1006 [a]).

The Public Administrator asserts that John Henry Hicks was the sole shareholder of Birta Realty at the time of his death. However, the corporate records establish that Birta and John were each 50% shareholders. Although Birta predeceased John, there is no evidence that she ever transferred her shares to him inter vivos, and there is no evidence that her shares were distributed to John out of her estate. The Public Administrator also argues, in effect, that since John died as the sole director, his estate is the proper entity to wind up the affairs of the corporation. To the contrary, John's death merely created a vacancy on the board of directors (*see* Business Corporation Law § 705; White, New York Business Entities ¶ B705.01 [14th ed]). Since a corporation's dissolution does not change quorum or voting requirements for, inter alia, the filling of vacancies on the board of directors (*see* Business Corporation Law § 1006 [a] [2]), and since no steps were taken to fill that vacancy pursuant to the Business Corporation Law § 705, Birta Realty had no directors or officers. Thus, since a mere shareholder lacks the authority to transfer a corporation's assets (*see Manson v Curtis*, 223 NY 313, 323 [1918]; *see also* 14A NY Jur 2d Business Relationships § 846), the Public Administrator lacked the authority to transfer the subject property according to the terms of the contract, and was thus incapable of performing on law day. Under these circumstances, Genesis Holding was entitled to the return of its down payment despite failing to appear at the closing, tender performance, and give the Public Administrator an opportunity to cure (*see Cohen v Kranz*, 12 NY2d 242, 246 [1963]; *Greene v Barrett, Nephews & Co.*, 238 NY 207 [1924]; *Spivak v Farkas*, 217 AD2d 430 [1995]).

The parties' remaining contentions either are academic in

light of our determination, or without merit. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.