■ VISION ENTERPRISES, LLC, Appellant, v 111 EAST SHORE, LLC, et al., Respondents. [938 NYS2d 627]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, Vision Enterprises, LLC (hereinafter the purchaser), entered into a contract dated March 28, 2007, with the defendant 111 East Shore, LLC (hereinafter the seller), to purchase an office building and one additional parking lot located in Great Neck. The purchaser tendered a down payment in the amount of $750,000, and the defendant Gold & Rosenblatt, LLC, was the escrowee of the down payment. The contract of sale and purchase contained, inter alia, clauses stipulating that the purchaser was buying the property in an " 'as is' condition . . . subject to all violations whether or not of record." However, the purchaser could elect to terminate the contract if the seller was unable to convey title at closing in accordance with the provisions of the contract, thus entitling the purchaser to return of its down payment under those circumstances. Conversely, if the purchaser defaulted, the contract allowed for the seller to retain the down payment as liquidated damages. The contract set a closing for May 31, 2009, and stated that time was of the essence.

On February 6, 2009, the purchaser sent a letter to the seller stating that it had elected to terminate the contract upon discovering that an "open" file remained in the Buildings Department records for alteration work performed in 1985 on the "mezzanine area" of the office building. Consequently, the purchaser asserted that occupancy of the mezzanine area was illegal and thereby sought to terminate the contract on the basis that the seller could not convey title to the property in accordance with the provisions of the contract, which called for compliance with the applicable zoning regulations and an insurable title. Nevertheless, the seller proceeded with the time-of-the-essence closing, which the purchaser did not attend.

The purchaser commenced this action against the seller and Gold & Rosenblatt, LLC (hereinafter the defendants), seeking, inter alia, to recover its down payment. The defendants then cross-moved, among other things, for summary judgment dismissing the complaint and on their counterclaim for a judgment declaring that they were entitled to retain the down payment as liquidated damages for the purchaser's breach of the contract. Noting that the purchaser had agreed to buy the property "as is" and had failed to show that the seller was unable to provide an insurable title, the Supreme Court concluded that the purchaser had defaulted. Accordingly, the Supreme Court denied the purchaser's motion and granted those branches of

the defendants' cross motion which were for summary judgment dismissing the complaint and on their counterclaim for a judgment declaring that they were entitled to retain the $750,000 down payment.

The Supreme Court properly held that the defendants were entitled to summary judgment dismissing the complaint and on their counterclaim for a judgment declaring that they are entitled to retain the down payment. The defendants established, prima facie, that the seller was ready, willing, and able to perform on the law day, while the purchaser failed to proceed with the closing (*see Pinhas v Comperchio*, 50 AD3d 1117 [2008]; *Capece v Robbins*, 46 AD3d 589 [2007]; *Engelhardt v McGinnis*, 2 AD3d 572 [2003]). In opposition, the purchaser failed to raise a triable issue of fact as to whether it tendered performance and permitted the seller an opportunity to cure any alleged defect (*see Pinhas v Comperchio*, 50 AD3d 1117 [2008]; *Hegner v Reed*, 2 AD3d 683 [2003]; *R.C.P.S. Assoc. v Karam Devs.*, 258 AD2d 510 [1999]). Here, the purchaser never appeared at the closing, never tendered performance or demanded good title (*see Ardi v Martin*, 79 AD3d 1078 [2010]), nor did it show that the alleged defect rendered the title uninsurable (*compare Eurovision 426 Dev., LLC v 26-01 Astoria Dev., LLC*, 80 AD3d 656 [2011]). Pursuant to the terms of the contract of sale, the seller is, thus, entitled to retain the $750,000 down payment as liquidated damages.

The purchaser's remaining contentions are without merit. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31778(U).]**