■ SKYLINE RESTORATION, INC., Respondent, v ROSLYN JANE HOLDINGS, LLC, et al., Appellants. [944 NYS2d 643]—

In an action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated August 24, 2011, which granted that branch of the plaintiff's motion which was for summary judgment on the second cause of action and directed the defendant Wilson Shum to release to the plaintiff the down payment being held in escrow, and denied that branch of their cross motion which was for summary judgment on their first counterclaim which was for a judgment declaring that the defendant Roslyn Jane Holdings, LLC, was entitled to retain the down payment as liquidated damages.

Ordered that the order is affirmed, with costs.

The plaintiff buyer and the defendant seller Roslyn Jane Holdings, LLC (hereinafter RJH), entered into a contract for the sale of real property, pursuant to which the plaintiff made a down payment which was deposited with RJH's attorney, the defendant Wilson Shum. The contract required RJH, inter alia, to provide a certificate of occupancy that was in full force and effect for the entire premises on the closing date. Additionally, RJH represented in the contract that the premises did not violate relevant zoning ordinances or regulations.

After the plaintiff and RJH entered into the contract, but before the contractual time-of-the-essence closing date, the plaintiff was informed by its zoning attorney and architect that the premises did not comply with the certificate of occupancy

and violated local zoning ordinances and regulations. Under the contract, RJH was obligated to cure such defects prior to closing. The plaintiff informed RJH of these defects, and requested it to cure them prior to closing. RJH refused, asserting, inter alia, that no such defects existed, and insisted that the plaintiff was obligated to tender performance on the time-of-the-essence closing date.

The plaintiff refused to close, and instead commenced this action against the defendants seeking, in its second cause of action, the return of its down payment. The defendants answered and counterclaimed, alleging that the plaintiff materially breached the contract by failing to tender performance on the time-of-the-essence closing date and that, as a result of the plaintiff's breach, RJH was entitled to retain the down payment as liquidated damages. The plaintiff moved, inter alia, for summary judgment on its second cause of action and the defendants cross-moved, among other things, for summary judgment on their counterclaim. The Supreme Court granted that branch of the plaintiff's motion and denied that branch of the defendants' cross motion. The defendants appeal, and we affirm.

The plaintiff established, prima facie, that RJH was in breach of the contract on the closing date by demonstrating that the premises violated the certificate of occupancy and local zoning ordinances and regulations. The plaintiff also established, prima facie, that it was ready, willing, and able to perform on the closing date (*see Pesa v Yoma Dev. Group, Inc.*, 18 NY3d 527 [2012]). In opposition to the plaintiff's showing, the defendant failed to raise a triable issue of fact. Consequently, the plaintiff is entitled to the return of its down payment (*see Kopp v Boyango*, 67 AD3d 646, 650 [2009]; *Waldman v LDK Realty, Inc.*, 63 AD3d 828, 831 [2009]).

Moreover, the defendants were not entitled to judgment as a matter of law on their first counterclaim. Due to RJH's breach, the plaintiff was not required to tender performance or attend the closing (*see Kopp v Boyango*, 67 AD3d at 650). Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32345(U).]**