In an action, inter alia, for the return of a down payment on a contract for the sale of real property, the plaintiffs appeal (1) from a decision of the Supreme Court, Queens County (Kitzes, J.), dated September 12, 2011, made after a nonjury trial, and (2), as limited by their brief, from so much of a judgment of the same court dated August 10, 2012, as, upon the decision, is in favor of the defendant John Zapas and against them, dismissing the complaint insofar as asserted against that defendant.
Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment in favor of the plaintiffs and against the defendant John Zapas on their cause of action for the return of their down payment in the sum of $299,000, with statutory interest from March 17, 2008; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
Upon reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Latora v Ferreira, 102 AD3d 838, 839 [2013]; Hom v Hom, 101 AD3d 816, 817 [2012]). To prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the plaintiff must establish that the defendant breached or repudiated the contract and that the plaintiff was ready, willing, and able to perform on the closing date (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 531-532 [2012]; Skyline Restoration, Inc. v Roslyn Jane Holdings, LLC, 95 AD3d 1203, 1204 [2012]).
Here, the plaintiffs met their burden with evidence establish *622 ing that the defendant John Zapas breached the subject contract because he was unable to deliver good title to the subject real property on the original closing date or any of the adjourned closing dates, and that the plaintiffs were ready, willing, and able to perform their obligations under the contract. Although Zapas relied on the testimony of a title expert that, as a general matter, certain objections to title may be resolved at closing by a reduction in sale price, that evidence was not sufficient to rebut the plaintiffs’ showing, since it did not demonstrate that the particular title objections in this case could be so cured to establish that Zapas was ready, willing, and able to deliver good title. Moreover, the plaintiffs were not required to tender performance or attend the closing on November 13, 2007, in response to Zapas’s letter purporting to make “time of the essence,” since Zapas was unable to perform on the law day (see Kopp v Boyango, 67 AD3d 646, 650 [2009]; cf. Matter of Hicks, 72 AD3d 1085, 1086-1087 [2010]).
Accordingly, the plaintiffs established their entitlement to the return of the down payment in the sum of $299,000, with statutory interest from March 17, 2008, upon cancellation of the contract by Zapas by letter dated March 17, 2008 (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 531-532 [2012]; Skyline Restoration, Inc. v Roslyn Jane Holdings, LLC, 95 AD3d 1203, 1204 [2012]). Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.