■ FLUSHING EXPO, INC., Appellant, v NEW WORLD MALL, LLC, Respondent. [985 NYS2d 247]—

In an action to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Queens County (T. Dufficy, J.), entered August 13, 2012, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) and for the imposition of sanctions and an award of an attorney's fee pursuant to 22 NYCRR 130-1.1, and denied its cross motion for the imposition of sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, alleging that the defendant tortiously interfered with an agreement between the plaintiff and nonparty Alexander's, Inc. (hereinafter Alexander's), to purchase the outstanding shares of Alexander's wholly owned subsidiary, nonparty Alexander's of Flushing, Inc. (hereinafter AOF), whose sole asset is a leasehold interest in commercial premises located in Flushing. The alleged tortious interference consisted of the defendant's subletting those premises from AOF. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) on the ground, among others, that documentary evidence conclusively established a defense to the action. The defendant also sought the imposition of sanctions and an award of costs pursuant to 22 NYCRR 130-1.1, and the plaintiff cross-moved for the imposition of sanctions and an award of costs pursuant to 22 NYCRR 130-1.1. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of the third party's breach of that contract, and (4) damages (see *Foster v Churchill*, 87 NY2d 744, 749-750 [1996]; *Chung v Wang*, 79 AD3d 693, 694 [2010]; *R.U.M.C. Realty Corp. v JCF Assoc., LLC*, 51 AD3d 993, 994-995 [2008], citing *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]).

On a motion to dismiss pursuant to CPLR 3211 (a) (1), "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Mr. San, LLC v Zucker & Kwestel, LLP*, 112 AD3d 796, 796 [2013]; *Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d 881, 882 [2013]). Contrary to the plaintiff's contention, the documentary evidence in the record conclusively established as a matter of law that the plaintiff did not have a valid contract with Alexander's when the defendant sublet the subject premises, and that, accordingly, the defendant did not procure a breach of that contract. Specifically, in an order entered in a prior action commenced by the plaintiff against Alexander's with respect to the stock purchase agreement (*see Flushing Expo, Inc. v Alexander's Inc.*, Sup Ct, Queens County, Aug. 10, 2010, index No. 27645/05), the Supreme Court, Queens County (Grays, J.), determined, as a matter of law, that both the plaintiff and Alexander's had defaulted under the agreement because neither established that it was ready, willing, and able to close on the scheduled closing date of September 6, 2002. As such, the defendant could not have procured a breach of that agreement when it sublet the premises on January 23, 2009, and, thus, "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d at 88). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that documentary evidence, in the form of a "judicial record" (*Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010], citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22), constituted a complete defense to the action.

The Supreme Court properly imposed a sanction and awarded an attorney's fee for the plaintiff's frivolous conduct in commencing this action, as this action is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; *see Breytman v Schechter*, 101 AD3d 783, 785 [2012]). As mentioned above, the plaintiff previously litigated its claim that it had an enforceable contract with Alexander's, and lost in that prior litigation. The prior order that granted Alexander's motion for summary judgment dismissing the plaintiff's cause of action for specific performance of the stock purchase agreement was issued and entered well before this action was commenced. The plaintiff's counsel

in this action also appeared as the plaintiff's counsel in the prior action. Under these circumstances, the plaintiff's initiation of this action was frivolous, and the Supreme Court's imposition of sanctions was appropriate.

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.