■ Barbara Martocci, Respondent, v Mark Schneider et al., Appellants, et al., Defendant. [990 NYS2d 240]—

In an action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the defendants Mark Schneider and Hugbena Schneider appeal from a judgment of the Supreme Court, Nassau County (Feinman, J.), dated May 3, 2012, which, upon an order of the same court dated October 20, 2011, denying their motion for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims, which were to retain the down payment as liquidated damages for breach of the contract, and granting the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against them and dismissing their counterclaims, is in favor of the plaintiff and against them in the principal sum of $98,500.

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendants Mark Schneider and Hugbena Schneider for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims is granted, the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the defendants Mark Schneider and Hugbena Schneider and dismissing their counterclaims is denied, the order dated October 20, 2011, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the third through seventh counterclaims of the defendants Mark Schneider and Hugbena Schneider.

On July 10, 2008, the plaintiff (hereinafter the purchaser) entered into a contract of sale to purchase a house in Port Washington (hereinafter the subject property) from the defendants Mark Schneider and Hugbena Schneider (hereinafter

together the sellers). The purchaser's down payment in the sum of $98,500 (10% of the purchase price) was held in escrow by the sellers' attorney.

The contract of sale required the sellers to deliver the subject property with, inter alia, "a valid and subsisting Certificate of Occupancy or other required certificate of compliance, or evidence that none was required." It also required the purchaser to obtain a title report and to provide a copy thereof to the sellers' attorney. The contract provided that, if the contract were cancelled for reasons other than the purchaser's default, the purchaser would be entitled to the return of her down payment.

According to the contract, the law date was August 15, 2008, but the closing did not occur on that date. On August 18, 2008, the sellers' attorney wrote to the purchaser's attorney setting a closing date of September 18, 2008, and stating that time was of the essence. The purchaser did not object.

At her deposition, the purchaser testified that, prior to the time-of-the-essence closing date, she became "concern[ed]" about whether the certificate of occupancy included in her title report, which was issued in connection with the original construction of the house on the subject property, was adequate in view of various improvements that had been made to the house since its original construction. These improvements included, inter alia, the installation of central air conditioning, the conversion of an attic room into a bedroom, and the addition of a deck. However, although the purchaser discussed this matter with her attorney, neither she nor her attorney notified the sellers of her concern prior to the time-of-the-essence closing date.

On the time-of-the-essence closing date, the purchaser did not appear, but instead delivered, via her attorney, a letter stating that the sellers breached the contract of sale by failing to obtain a valid certificate of occupancy as required by the contract, and demanding return of her down payment. Despite a term in the contract permitting the sellers to adjourn the closing for up to 60 days, the purchaser's attorney declined to consent to any adjournment to permit the sellers to cure this objection, on the ground that they had declared that time was of the essence.

The purchaser commenced this action, seeking recovery of her down payment and other damages. The sellers counterclaimed, seeking, inter alia, to retain the down payment. The sellers moved for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims, which were to retain the down payment as liquidated damages, and the purchaser cross-moved for summary

judgment on the complaint insofar as asserted against the sellers and dismissing the sellers' counterclaims. The Supreme Court, in an order, denied the sellers' motion and granted the purchaser's cross motion. The sellers appeal from a judgment, entered upon the order, in favor of the purchaser and against them in the principal sum of $98,500.

"To prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the plaintiff must establish that the defendant breached or repudiated the contract and that the plaintiff was ready, willing, and able to perform on the closing date" (*Yu Ling Hu v Zapas*, 108 AD3d 621, 621 [2013]; *see Matter of Hicks*, 72 AD3d 1085, 1086 [2010]; *Pinhas v Comperchio*, 50 AD3d 1117 [2008]). "While a vendee can recover his [or her] money paid on the contract from a vendor who defaults on law day without a showing of tender or even of willingness and ability to perform where the vendor's title is incurably defective, a tender and demand are required to put the vendor in default where his [or her] title could be cleared without difficulty in a reasonable time" (*Cohen v Kranz*, 12 NY2d 242, 246 [1963] [citation omitted]; *see Eurovision 426 Dev., LLC v 26-01 Astoria Dev., LLC*, 80 AD3d 656, 658 [2011]; *Hegner v Reed*, 2 AD3d 683, 685 [2003]). The seller in such a case is entitled to "a reasonable time beyond law day to make his [or her] title good" (*Cohen v Kranz*, 12 NY2d at 246; *see Hegner v Reed*, 2 AD3d at 684). "[W]hile a purchaser must normally first tender performance and demand good title to place a seller in default, 'when the vendor is given notice of the defect prior to the scheduled closing date and does nothing to correct it until after the closing date, the purchaser need not tender performance as such tender would be meaningless' " (*Kopp v Boyango*, 67 AD3d 646, 650 [2009], quoting *Klaiber, LLC v Coon*, 48 AD3d 856, 857 [2008]; *see also Cohen v Kranz*, 12 NY2d at 245-246). "[W]here a seller seeks to hold a purchaser in breach of contract, the seller must establish that [he or she] was ready, willing, and able to perform on the time-of-the-essence closing date, and that the purchaser failed to demonstrate a lawful excuse for its failure to close" (*Donerail Corp. N.V. v 405 Park LLC*, 100 AD3d 131, 138 [2012]; *see also Semerjian v Byer-White*, 81 AD3d 919, 919-920 [2011]).

Here, the purchaser failed to demonstrate that the sellers breached the contract of sale, as she failed to point to a violation of any code or ordinance in effect either at the time that the improvements to the sellers' house were made or when her motion was made, and failed to demonstrate that the certificate of occupancy was no longer valid. Accordingly, the Supreme

Court erred in concluding that the purchaser demonstrated that the sellers breached the contract and, thus, that the purchaser established her prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the sellers (*see Yu Ling Hu v Zapas*, 108 AD3d at 621; *Matter of Hicks*, 72 AD3d at 1086; *Pinhas v Comperchio*, 50 AD3d at 1117). Furthermore, the purchaser also failed to establish, prima facie, that she was either ready, willing, and able to close on the time-of-the-essence closing date or that she was excused from tendering performance by the sellers' inability to tender the subject property in a reasonable period of time (*see Cohen v Kranz*, 12 NY2d at 246; *Eurovision 426 Dev., LLC v 26-01 Astoria Dev., LLC*, 80 AD3d at 658; *Hegner v Reed*, 2 AD3d at 685).

In contrast, the sellers demonstrated, prima facie, that they were given no notice of the alleged defect, and that the purchaser was therefore required to appear at closing and tender her performance (*see Cohen v Kranz*, 12 NY2d at 244-246; *Donerail Corp. N.V. v 405 Park LLC*, 100 AD3d at 138; *Pinhas v Comperchio*, 50 AD3d at 1117). Furthermore, under these circumstances, the sellers were entitled to a reasonable adjournment to allow them to address the purchaser's objections, notwithstanding the fact that they had declared that time was of the essence (*see Eurovision 426 Dev., LLC v 26-01 Astoria Dev., LLC*, 80 AD3d at 658; *Hegner v Reed*, 2 AD3d at 684-685; *see also Skyline Restoration, Inc. v Roslyn Jane Holdings, LLC*, 95 AD3d 1203, 1203-1204 [2012]; *Kopp v Boyango*, 67 AD3d at 649-650; *Rufeh v Schwartz*, 50 AD3d 1000, 1001-1002 [2008]). Moreover, the sellers satisfied their prima facie burden of demonstrating that they were ready, willing, and able to perform on the time-of-the-essence closing date, and that the purchaser failed to demonstrate a lawful excuse for her failure to close (*see Donerail Corp. N.V. v 405 Park LLC*, 100 AD3d at 138; *Pinhas v Comperchio*, 50 AD3d at 1117). In opposition, the purchaser failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the sellers' motion for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims, which were to retain the down payment, and should have denied the purchaser's cross motion for summary judgment on the complaint insofar as asserted against the sellers and dismissing the sellers' counterclaims. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.