■ Nora Iacono, Appellant, v Anthony Pilavas et al., Respondents. [4 NYS3d 250]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated June 14, 2012, which granted the motion of the defendants Anthony Pilavas, Helen Pilavas, and Nicholas Kordas, as escrowee, and the separate motion of the defendants Prudential Douglas Elliman Real Estate, Prudential Long Island Realty, Robert Olita, and Michael S. Gorwitz, for summary judgment dismissing the complaint insofar as asserted against each of them, (2) from a judgment of the same court dated July 23, 2012, which, upon the order dated June 14, 2012, is in favor of the defendants and against her dismissing the complaint, and (3), as limited by her brief, from so much of an order of the same court dated February 14, 2013, as, upon reargument, adhered to its prior determination granting the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the appeal from the order dated June 14, 2012, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated February 14, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order dated June 14, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the motion of the defendants Anthony Pilavas, Helen Pilavas, and Nicholas Kordas, as escrowee (hereinafter collectively the sellers), for summary judgment dismissing the complaint insofar as asserted against them. The sellers established, prima facie, that they were ready, willing, and able to perform on the time-of-the-essence closing date, and that the plaintiff lacked a lawful excuse for her failure to close (*see Martocci v Schneider*, 119 AD3d 746, 748-749 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact (*see id.* at 749). Accordingly, the sellers established that they did not breach the contract and that the plaintiff was not entitled to the return of her down payment (*see generally Skyline Restoration, Inc. v Roslyn Jane Holdings, LLC*, 95 AD3d 1203, 1204 [2012]).

Likewise, the Supreme Court properly granted the motion of the sellers' real estate brokers, the defendants Prudential Douglas Elliman Real Estate, Prudential Long Island Realty, Robert Olita, and Michael S. Gorwitz (hereinafter collectively the brokers) for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff alleged that the brokers tortiously interfered with the contract between the plaintiff and the sellers. The elements of a cause of action for tortious interference with contract are (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of the third party's breach of that contract; and (4) damages (*see Flushing Expo, Inc. v New World Mall, LLC*, 116 AD3d 826 [2014]). Here, the brokers established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the third-party, i.e., the sellers, did not breach the contract; rather, the plaintiff breached the contract when she did not appear on the time-of-the-essence closing date. In opposition, the plaintiff failed to raise a triable

issue of fact. Accordingly, the Supreme Court properly granted the brokers' motion for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.