■ 1581 FRANKLIN STEEL, LLC, Appellant, v MINEOLA GARDEN CITY CO., LTD., Respondent. [22 NYS3d 596]—

In an action for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (J. Murphy, J.), entered December 17, 2013, which granted the defendant's motion for summary judgment dismissing the complaint and on its counterclaim to retain the down payment, and (2) from so much of an order of the same court, entered May 19, 2014, as, upon reargument, adhered to its original determination in the order entered December 17, 2013.

Ordered that the appeal from the order entered December 17, 2013, is dismissed, as that order was superseded by the order entered May 19, 2014, made upon reargument; and it is further,

Ordered that the order dated May 19, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff (hereinafter the purchaser) and the defendant (hereinafter the seller) entered into a contract for the sale of a commercial building. In connection with the contract, the purchaser made a down payment in the amount of $125,000, which was held in escrow by the seller's attorney. One day prior to the closing, the purchaser's attorney wrote a letter to the seller's attorney, purporting to cancel the contract and demanding return of the down payment, due to the existence of a lease to a nonparty tenant for a portion of the building, which

expired 30 days after the closing date. Although the lease contained a renewal option, it is undisputed that the renewal option had not been exercised and that the building had already been vacated by the tenant at the time the contract was signed.

After the seller refused the purchaser's demand for return of the down payment, the purchaser commenced this action for the return of the down payment. The seller asserted a counterclaim to retain the down payment. The seller subsequently moved for summary judgment dismissing the complaint and on its counterclaim. The Supreme Court granted the seller's motion, and, upon reargument, adhered to that determination.

In opposition to the seller's prima facie showing of entitlement to judgment as a matter of law dismissing the first and fifth causes of action, which sought relief based upon an alleged breach of contract, and on its counterclaim, the purchaser failed to raise a triable issue of fact. Contrary to the purchaser's contention, section 3.04 of the parties' contract did not provide it with the "option" of terminating the contract in the event that the lease remained extant at the time of closing. Rather, that contract provision provided the purchaser with nothing more than an option to extend the closing date in the event that the tenant under the lease had not vacated the premises at the time of closing. To interpret the option of extending the law date to include an option to terminate the contract would constitute adding terms to the contract and "thereby making a new contract for the parties under the guise of interpreting the writing" (*Zaidi v New York Bldg. Contrs., Ltd.*, 99 AD3d 705, 706-707 [2012]; *see Matter of Brandt v Peirce*, 132 AD3d 665 [2015]).

Contrary to the purchaser's further contention, the continued viability of the lease for an additional month after the closing date did not excuse the purchaser's performance under the contract. Rather, this alleged defect was curable within a reasonable time and, thus, the purchaser was obligated to tender performance and permit the seller the opportunity to cure. The purchaser's failure to do so bars it from recovering its deposit under the contract (*see Ilemar Corp. v Krochmal*, 44 NY2d 702, 703-704 [1978]; *Cohen v Kranz*, 12 NY2d 242, 246 [1963]; *Martocci v Schneider*, 119 AD3d 746, 746-749 [2014]; *Ardi v Martin*, 79 AD3d 1078, 1079 [2010]; *Hegner v Reed*, 2 AD3d 683 [2003]).

The purchaser's remaining causes of action were properly dismissed as duplicative of the breach of contract cause of ac-

tion (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Minovici v Belkin BV*, 109 AD3d 520, 523 [2013]; *Lenoci v Secure Alarm Installations, LLC*, 97 AD3d 800, 801 [2012]; *Deer Park Enters., LLC v Ail Sys., Inc.*, 57 AD3d 711 [2008]).

Accordingly, the seller's motion was properly granted. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.