■ LATIPAC CORP., Appellant, v BHM REALTY LLC et al., Respondents. [50 NYS3d 319]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 27, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff purchaser failed to establish, as a matter of law, that it was entitled to a return of its deposit on a real estate contract (see *Donerail Corp. N.V. v 405 Park LLC*, 100 AD3d 131, 137 [1st Dept 2012]; see also *Martocci v Schneider*, 119 AD3d 746, 748 [2d Dept 2014]). Even if plaintiff had established that defendant seller was in breach of the contract, which it did not, it would still be obligated to tender performance so long as the seller had the ability to cure its default within a reasonable time (see e.g. *Ilemar Corp. v Krochmal*, 44 NY2d 702, 703 [1978]; see also *Martocci*, 119 AD3d at 748). Plaintiff failed to tender performance and did not afford the seller an opportunity to cure.

There are also issues of fact surrounding plaintiff's ability and willingness to proceed with the sale on the closing date (*see Donerail*, 100 AD3d at 138; *see also Martocci*, 119 AD3d at 748), most notably because it failed to present checks or other proof that it had funds to purchase the property (*Benhamo v Marinelli*, 82 AD3d 922, 923 [2d Dept 2011]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.