Braunstein v County of Rockland (2021 NY Slip Op 03437)





Braunstein v County of Rockland


2021 NY Slip Op 03437


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13856
2021-03292
 (Index No. 30759/16)

[*1]Shalom Braunstein, et al., appellants,
v
County of Rockland, et al., respondents.


Sussman and Associates (Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY [Howard Fensterman and John S. Cahalan], of counsel), for appellants.
Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondent County of Rockland.
Harris Beach, PLLC, Pittsford, NY (H. Todd Bullard of counsel), for respondent Rockland County Health Facilities Corporation.



DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract of sale, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated October 31, 2018, and (2) a judgment of the same court dated November 12, 2018. The order denied the plaintiffs' motion for summary judgment on the complaint, granted the cross motion of the defendant County of Rockland for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate cross motion of the defendant Rockland County Health Facilities Corporation for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim for a judgment declaring that it was entitled to retain the plaintiffs' down payment and extension fees as liquidated damages. The judgment, upon so much of the order as denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant Rockland County Health Facilities Corporation and granted that defendant's cross motion, in effect, is in favor of that defendant and against the plaintiffs dismissing the complaint insofar as asserted against that defendant and declaring that that defendant is entitled to retain the plaintiffs' down payment and extension fees as liquidated damages.
ORDERED that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant Rockland County Health Facilities Corporation and granted that defendant's cross motion is dismissed; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant County of Rockland which was for summary judgment dismissing the cause of action to recover damages for breach of certain consulting agreements insofar as asserted against it, and substituting therefor a provision denying [*2]that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rockland County Health Facilities Corporation payable by the plaintiffs.
In March 2016, the plaintiffs commenced this action against the defendants Rockland County Health Facilities Corporation (hereinafter Health Facilities) and the County of Rockland to recover, among other things, the down payment and extension fees the plaintiffs had paid in connection with a contract between the plaintiffs and Health Facilities (hereinafter the purchase agreement). Pursuant to the purchase agreement, the plaintiffs planned to buy the interest of Health Facilities in certain nursing care and hospital facilities which are owned and operated by the County. The plaintiffs alleged, among other things, that the defendants failed to cure a title defect, thereby breaching the purchase agreement, causing the planned transaction to fail, and entitling the plaintiffs to the return of the down payment and extension fees they had paid pursuant to the terms of the purchase agreement. The plaintiffs also alleged that the County had failed to make payments due to them under certain consulting agreements related to the purchase agreement.
After discovery was completed, the plaintiffs moved for summary judgment on the complaint. Health Facilities cross-moved for summary judgment dismissing the complaint insofar as asserted against it and for judgment on its third counterclaim, which sought a judgment declaring that it is entitled to retain the down payment of $2,850,000 and extension fees in the sum of $900,000 that the plaintiffs had been required to provide pursuant to the terms of the purchase agreement. The County separately cross-moved for summary judgment dismissing the complaint insofar as asserted against it.
By order dated October 31, 2018 (hereinafter the October 2018 order), the Supreme Court denied the plaintiffs' motion and granted the defendants' separate cross motions. A judgment dated November 12, 2018, was entered in favor of Health Facilities, in effect, dismissing the complaint insofar as asserted against it and declaring that it was entitled to retain the plaintiffs' down payment and extension fees as liquidated damages. The plaintiffs appeal from the order and the judgment.
The appeal from so much of the October 2018 order as denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against Health Facilities and granted that defendant's cross motion must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in favor of that defendant (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"[I]n order to place the vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself and demand good title" (Ardi v Martin, 79 AD3d 1078, 1079 [internal quotation marks omitted]; see Martocci v Schneider, 119 AD3d 746, 748). "'While a vendee can recover his [or her] money paid on the contract from a vendor who defaults on law day without a showing of tender or even of willingness and ability to perform where the vendor's title is incurably defective, a tender and demand are required to put the vendor in default where his [or her] title could be cleared without difficulty in a reasonable time'" (Martocci v Schneider, 119 AD3d at 748, quoting Cohen v Kranz, 12 NY2d 242, 246). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' cause of action to recover the down payment and extension fees by demonstrating that the alleged title defect was cured within a reasonable time, that they were ready, willing, and able to complete the transaction pursuant to the terms of the purchase agreement, and that the plaintiffs lacked the requisite funds to complete the purchase on the closing date (see 1581 Franklin Steel, LLC v Mineola Garden City Co., Ltd., 135 AD3d 718, 719; Martocci v [*3]Schneider 119 AD3d at 749). The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law as to this cause of action and did not raise a triable issue of fact in opposition to the defendants' prima facie showing (see Martocci v Schneider, 119 AD3d at 748-749; Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868, 870).
The defendants also demonstrated, prima facie, that the failure to close constituted what the purchase agreement termed a "[plaintiffs'] fault," and that pursuant to the terms of the purchase agreement Health Facilities was therefore entitled to retain the down payment and extension fees (see 1581 Franklin Steel, LLC v Mineola Garden City Co., Ltd., 135 AD3d at 719; Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d at 870). In opposition, the plaintiffs failed to raise a triable issue of fact (see Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d at 870; see also 1581 Franklin Steel, LLC v Mineola Garden City Co., Ltd., 135 AD3d at 719). Accordingly, the Supreme Court properly determined that Health Facilities was entitled to retain the down payment and extension fees.
However, the County failed to make a prima facie showing that it was entitled to judgment as a matter of law dismissing the cause of action which alleged that the County breached the consulting agreements by failing to pay for work performed pursuant to those agreements. Accordingly, the Supreme Court should have denied that branch of the County's cross motion which was for summary judgment dismissing that cause of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court