Vladenn Med. Supply Corp. v American Ind. Ins. Co. (2021 NY Slip Op 21338)

Vladenn Med. Supply Corp. v American Ind. Ins. Co.

2021 NY Slip Op 21338 [74 Misc 3d 8]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 9, 2022

[*1]

Vladenn Medical Supply Corp., as Assignee of Rose E. Pierre, Appellant,
v
American Independent Ins. Co., Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 10, 2021

APPEARANCES OF COUNSEL

The Rybak Firm, PLLC (Damin J. Toell of counsel) for appellant.
Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel) for respondent.

{**74 Misc 3d at 9} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is affirmed, with $25 costs; and it is further ordered that, on the court's own motion, counsel for the respective parties and Damin J.{**74 Misc 3d at 10} Toell, Esq., are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against The Rybak Firm, PLLC, and Damin J. Toell, Esq., pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing a digital copy of an affidavit or affirmation on that issue, with proof of service, onto the court's digital portal, Records, Briefs & Motions Drop Off, found on the court's website at: https://nycourts.sharepoint.com/sites/AT2-DCS/Site Pages/Home.aspx, on or before January 10, 2022; and it is further ordered that the clerk of this court, or his designee, is directed to serve a copy of this decision and order to show cause by regular mail upon counsel for the respective parties and Damin J. Toell, Esq.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8). In multiple affidavits in support of the motion, defendant's employees asserted that defendant is a Pennsylvania company, which is not licensed to do business in New York, maintains no offices in New York, has no agents operating out of, or representatives soliciting business in, New York, and does not own, use or [*2]possess any real property in New York. Furthermore, defendant argued that it had been held in prior cases that the courts in the State of New York cannot exercise personal jurisdiction over this defendant (see e.g. Matter of Eagle Ins. Co. v Gutierrez-Guzman, 21 AD3d 489 [2005]). Plaintiff cross-moved for summary judgment and opposed the motion with an affirmation of its counsel, who made unsupported assertions that, among other things, defendant had transacted business in New York by knowingly issuing policies to New York drivers, and that defendant had established an ongoing relationship with defense counsel in New York, thereby subjecting defendant to jurisdiction in New York. Defendant's attorney asserted in a reply affirmation that the arguments raised by plaintiff had been rejected by this court in Compas Med., P.C. v American Ind. Ins. Co. (47 Misc 3d 134[A], 2015 NY Slip Op 50481[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Plaintiff appeals, as limited by its brief, from so much an order of the Civil Court entered February 5, 2018, as granted defendant's motion to dismiss the complaint.
[1] Contrary to plaintiff's contention, defendant made a prima facie showing that personal jurisdiction had not been obtained over it (see Gentlecare Ambulatory Anesthesia Servs. v {**74 Misc 3d at 11}American Ind. Ins. Co., 63 Misc 3d 144[A], 2019 NY Slip Op 50635[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Lida's Med. Supply, Inc. v American Ind. Ins. Co., 63 Misc 3d 137[A], 2019 NY Slip Op 50502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Pavlova v American Ind. Ins. Co., 60 Misc 3d 128[A], 2018 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). "In opposing a motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Hopstein v Cohen, 143 AD3d 859, 860 [2016] [internal quotation marks omitted]; see also Lang v Wycoff Hgts. Med. Ctr., 55 AD3d 793 [2008]). In the case at bar, the affirmation of plaintiff's attorney was insufficient to demonstrate that personal jurisdiction over defendant existed under the Civil Court's long-arm statute (see CCA 404 [a]), as plaintiff's counsel failed to establish that he possessed personal knowledge of the facts.
Plaintiff's contention that Matter of American Ind. Ins. Co. v Nova Acupuncture, P.C. (137 AD3d 1270 [2016]) (Nova) stands for the proposition that New York courts might have personal jurisdiction over American Independent Insurance Company (AIIC) lacks merit. In Nova, the issue was limited to whether AIIC could be compelled to arbitrate a claim for first-party no-fault benefits. However, as the Appellate Division, Second Department, had previously noted, "[a]t this pre-arbitration stage, the issue is not whether New York courts have jurisdiction over AIIC, but whether the arbitrator has authority under the terms of the insurance contract to award no-fault benefits to the appellants" and "[w]hile personal jurisdiction is required for the exercise of the state's judicial power over a party, arbitration is a form of dispute resolution almost wholly independent of the court system" (American Ind. Ins. Co. v Art of Healing Medicine, P.C., 104 AD3d 761, 762-763 [2013]).
To the extent plaintiff argues that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]), this argument is not properly before us, as plaintiff's contention that it needs discovery "regarding the nature and extent of [defendant's] relationship with parent/subsidiary companies and, in particular, the extent of activity in New York State by these companies" is raised by plaintiff for the first time on appeal (see Copp v Ramirez, 62 AD3d 23 [2009]; Compas Med., P.C. v American Ind. Ins. Co., 47 Misc 3d 134[A], {**74 Misc 3d at 12}2015 NY Slip Op [*3]50481[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Even if the argument were properly before us, neither the unverified complaint nor the conclusory affirmation of plaintiff's counsel in opposition to defendant's motion constituted the "tangible evidence" (Mandel v Busch Entertainment Corp., 215 AD2d 455, 455 [1995]) necessary to substantiate plaintiff's allegations that jurisdiction could exist, thereby demonstrating that plaintiff's assertion of the existence of a jurisdictional predicate was not "frivolous" (Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). Thus, plaintiff did not make a "sufficient start" (id.) by showing that essential jurisdictional facts might exist to warrant discovery on the issue of personal jurisdiction over defendant (see Compas Med., P.C., 2015 NY Slip Op 50481[U]).
[2] We conclude that sanctions may be warranted for the conduct of The Rybak Firm, PLLC, and Damin J. Toell, Esq., as their conduct appears to be frivolous (see Flushing Expo, Inc. v New World Mall, LLC, 116 AD3d 826 [2014]; Ram v Torto, 111 AD3d 814 [2013]). As relevant here, frivolous conduct includes the assertion of arguments that are "completely without merit in law and [which] cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [c] [1]). Here, the appellant's brief submitted on behalf of plaintiff is substantially the same as the appellant's brief submitted by The Rybak Firm, PLLC, and Damin J. Toell, Esq., in Excel Prods., Inc. v American Ind. Ins. Co. (65 Misc 3d 157[A], 2019 NY Slip Op 51964[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]) in which, although the plaintiff provider was appealing from a 2017 order of the Civil Court which
"expressly stated that plaintiff's arguments and the 'evidence' upon which plaintiff relied had previously been considered and rejected by this court and that plaintiff's remaining arguments were either contrary to a prior decision by the Appellate Division, Second Department, or predicated upon 'speculative factual arguments,' plaintiff's appellate brief d[id] not appear to mention, let alone address, the prior decisions of this court or of the Appellate Division which may have rendered plaintiff's appellate arguments frivolous" (2019 NY Slip Op 51964[U], *2).
{**74 Misc 3d at 13}Similarly, the appellant's brief submitted on behalf of plaintiff in the instant case is also substantially the same as the respondent's brief submitted by The Rybak Firm, PLLC, and Damin J. Toell, Esq., in Parisien v American Ind. Ins. Co. (65 Misc 3d 157[A], 2019 NY Slip Op 51965[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
In light of the foregoing, the order, insofar as appealed from, is affirmed and, on the court's own motion, counsel for the respective parties and Damin J. Toell, Esq., are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against The Rybak Firm, PLLC, and Damin J. Toell, Esq., pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing a digital copy of an affidavit or affirmation on that issue, with proof of service, onto the court's digital portal, Records, Briefs & Motions Drop Off, found on the court's website at: https://nycourts.sharepoint.com/sites/AT2-DCS/Site Pages/Home.aspx, on or before January 10, 2022.
Aliotta, P.J., Elliot and Golia, JJ., concur.