Duvernay v Qiao (2025 NY Slip Op 04458)

Duvernay v Qiao

2025 NY Slip Op 04458

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-11428
 (Index No. 711985/20)

[*1]Lionel Duvernay, et al., appellants, 
v
Lianya Qiao, respondent.

Martin S. Rapaport, P.C., New York, NY (Karen F. Neuwirth of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to retain a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered September 13, 2022. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment declaring that they are entitled to retain the down payment as liquidated damages.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment declaring that they are entitled to retain the down payment as liquidated damages is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiffs are entitled to retain the down payment as liquidated damages.
In May 2018, the defendant (hereinafter the buyer) entered into a contract to purchase a condominium apartment unit (hereinafter the unit) from the plaintiffs (hereinafter the sellers) for the sum of $870,000. Pursuant to the contract, the buyer paid a down payment of $87,000, which was deposited into the escrow account of the sellers' attorney. The contract provided that the closing was to occur on or about June 4, 2018. On July 20, 2018, the condominium board executed a waiver of its right of first refusal to purchase the unit (hereinafter the waiver). The waiver, however, contained several typographical and other errors. At some point thereafter, the contract was amended to include another purchaser with the buyer.
In September 2018, the sellers' attorney made several attempts to schedule a closing date, but received no response from the buyer's attorney. By letter dated September 25, 2018, the sellers set a "time of the essence" closing for October 26, 2018. On October 10, 2018, the sellers' attorney obtained authorization from the condominium board to correct the errors on the waiver and to add the buyer's co-purchaser to the waiver. The buyer appeared at the closing, but she refused to close and instead attempted to serve the sellers' attorney with a summons with notice filed in an action that the buyer had commenced in New York County, inter alia, to recover the down payment. That action was later dismissed.
Thereafter, the sellers commenced this action, inter alia, for a judgment declaring that they are entitled to retain the down payment. The buyer interposed an answer in which she asserted, [*2]among other things, in effect, a counterclaim to recover the down payment. After discovery, the sellers moved, inter alia, for summary judgment declaring that they are entitled to retain the down payment as liquidated damages. The buyer opposed the motion and cross-moved for summary judgment on her counterclaim on the ground, among other things, that the waiver was invalid. In an order entered September 13, 2022, the Supreme Court, inter alia, denied that branch of the sellers' motion. The sellers appeal.
"Where a seller seeks to hold a purchaser in breach of contract, the seller must establish that he or she was ready, willing, and able to perform on the time-of-the-essence closing date, and that the purchaser failed to demonstrate a lawful excuse for its failure to close" (Martocci v Schneider, 119 AD3d 746, 748 [internal quotation marks omitted]; see Sweeney v Stark, 216 AD3d 1193, 1197). "While a vendee can recover his or her money paid on the contract from a vendor who defaults on law day without a showing of tender or even of willingness and ability to perform where the vendor's title is incurably defective, a tender and demand are required to put the vendor in default where his or her title could be cleared without difficulty in a reasonable time" (Braunstein v County of Rockland, 195 AD3d 585, 588 [alterations and internal quotation marks omitted]; see Martocci v Schneider, 119 AD3d at 748).
Contrary to the buyer's contention, the alleged invalidity of the waiver did not excuse her failure to close on the contract. Rather, this alleged defect was curable within a reasonable time, and thus, the buyer was obligated to tender performance and permit the sellers the opportunity to cure (see 1581 Franklin Steel, LLC v Mineola Garden City Co., Ltd., 135 AD3d 718, 719; Martocci v Schneider, 119 AD3d at 749). The sellers demonstrated, prima facie, that they were given no notice of the alleged defect and that the buyer was therefore obligated to appear at the closing and to tender her performance (see 1581 Franklin Steel, LLC v Mineola Garden City Co., Ltd., 135 AD3d at 719; Martocci v Schneider, 119 AD3d at 749). Moreover, the sellers satisfied their prima facie burden of demonstrating that they were ready, willing, and able to perform on the time-of-the- essence closing date, that the buyer failed to demonstrate a lawful excuse for her failure to close, and that the sellers were entitled to retain the down payment as liquidated damages (see Braunstein v County of Rockland, 195 AD3d at 588; Martocci v Schneider, 119 AD3d at 749; Vision Enterprises, LLC v 111 E. Shore, LLC, 92 AD3d 868, 870). In opposition, the buyer failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the sellers' motion which was for summary judgment declaring that they are entitled to retain the down payment as liquidated damages. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
The sellers' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court