■ MERRITT HILL VINEYARDS, INCORPORATED, Appellant, v WINDY HEIGHTS VINEYARD, INC., et al., Respondents. (Appeal No. 1.) — Order unanimously reversed, without costs, and summary judgment granted in favor of plaintiff on the first cause of action, and in favor of defendants, dismissing the second cause of action. Memorandum: The parties originally entered into negotiations for plaintiff to purchase defendants' grape-growing business, including the real property. When it was discovered that assumption by plaintiff of various mortgages on the real property might require renegotiation of the terms of the loans, the proposed transaction between the parties was restructured as a stock purchase agreement whereby plaintiff would purchase the bulk of defendants' stock. The agreement provides for a $15,000 deposit by plaintiff, which was to be retained by defendants as liquidated damages in the event the sale was not consummated, "unless Taylor or Windy Heights failed to satisfy the conditions specified in Section 3" of the agreement. Section 3 of the agreement entitled "Conditions Precedent to Purchaser's Obligation to Close" recites by way of preamble that "[t]he obligation of Purchaser to pay the Purchase Price and to complete the purchase of Purchaser's [sic] Shares is subject to the following conditions precedent". The agreement further provides that the transaction was to be closed at 10:00 A.M. on April 1, 1982, and that "[t]ime is of the essence in all matters relating to this Agreement." One of the conditions precedent to the purchaser's obligation to close was that defendant "Windy Heights shall have obtained a title insurance policy" for the amount of $650,000 insuring that it "has good, valid and marketable title to the Real Property, in each case free and clear of all liens, mortgages, security interests, pledges, encumbrances," etc., excepting certain enumerated mortgages and easements. Another condition precedent was that defendant "Windy Heights and the Purchaser shall have received" from Farmers Home Administration, one of the mortgagees, confirmation that the transaction would not constitute an event of default under the mortgage and would not change its terms. When the parties appeared at the closing, plaintiff refused to complete the purchase, contending that conditions precedent to its obligation to purchase were not complied with since no title insurance policy had been issued, and that a letter obtained from the Farmers Home Insurance Company was not a sufficient confirmation that the transaction would not constitute an event of default and would not change the terms of the mortgage. Based on these alleged failures, the plaintiff moved for summary judgment on its first cause of action for return of the down payment in the amount of $15,000, and on its second cause of action for consequential damages for breach of the agreement. Special Term denied the motion and plaintiff appeals. Defendants argue that Special Term properly refused to grant summary judgment since defendant produced at the closing a preliminary report on title and could have obtained a title insurance policy. Defendants also state that even though the letter from the Farmers Home Administration may have been inadequate, a satisfactory letter could have been secured. Nevertheless, since the agreement provides that time is of the essence, the plaintiff was entitled to immediate performance of the conditions precedent. It does not avail the defendants to say that they could have satisfied these conditions when in fact they did not do so on the law day (see *Grace v Nappa,* 46 NY2d 560). Special Term, therefore, should have granted

plaintiff's motion for summary judgment on the first cause of action for return of the deposit. Searching the record (CPLR 3212, subd [b]), we determine that summary judgment should be granted in favor of the defendants dismissing the plaintiff's second cause of action for damages for breach of contract. The requirements of the agreement that "Windy Heights shall have obtained a title insurance policy" and "Windy Heights and the Purchaser shall have received confirmation from Farmers Home Administration" are, by the express language of the agreement, "conditions precedent" to "[t]he obligation of Purchaser to pay the Purchase Price". These requirements are couched in terms of conditions and not in terms of promise on the part of the defendants. "Breach of promise subjects the promisor to liability in damages * * * Breach or non-occurrence of a condition prevents the promisee [here, the defendants] from acquiring a right [the right to retain the deposit], or deprives him of one, but subjects him to no liability." (5 Williston, Contracts [3d ed], § 665.) "The non-fulfillment of a promise is called a breach of contract, and creates in the other party a secondary right to damages; it is the failure to perform that which was required by a legal duty. The non-occurrence of a condition will prevent the existence of a duty in the other party; but it may not create any remedial rights and duties at all, and it will not unless someone has promised that it shall occur." (3A Corbin, Contracts, § 633.) Here, the defendants did not promise that the conditions would occur. Although other paragraphs of the agreement contain language expressing a promise or an agreement to perform certain acts, section 3, listing the conditions precedent, contains no such language. Lacking a promise, there is no duty to perform and, therefore, the nonperformance of the conditions precedent cannot constitute a breach of contract subjecting the defendants to damages. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.