(July 28, 2009)

◼ Andrew Barrett, Respondent, v Steven Freifeld et al., Defendants, and Bernard Chipetine et al., Appellants. [883 NYS2d 305]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendants Bernard Chipetine and Chipetine, Neu & Silverman, LLP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated November 19, 2007, as denied those branches of their cross motion pursuant to CPLR 3211 which were to dismiss the causes of action alleging negligence and fraud insofar as asserted against them, and the defendant Rochester Drug Cooperative, Inc., separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against it, and granted the plaintiff's motion for leave to serve a second amended complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly denied those branches of the cross motion of the defendants Bernard Chipetine and Chipetine, Neu & Silverman, LLP (hereinafter together Chipetine), pursuant to CPLR 3211 which were to dismiss the causes of action alleging negligence and fraud insofar as asserted against them. On a motion to dismiss pursuant to CPLR 3211 (a) (1), the pleading is to be afforded a liberal construction, the facts alleged in the complaint are accepted as true, and the plaintiff is afforded the benefit of every possible favorable inference (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582 [2005]). With respect to a motion to dismiss pursuant to CPLR 3211 (a) (1), only evidence which utterly refutes the plaintiff's allegations, conclusively establishing a

defense as a matter of law, will warrant dismissal (*see 730 J & J v Fillmore Agency,* 303 AD2d 486 [2003]).

A third party alleging negligence against an accountant, in the absence of contractual privity, must show a relationship so close as to approach that of privity (*see Credit Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536, 545-546 [1985]). In particular, "(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" (*id.* at 551).

Here, the plaintiff alleged sufficient facts to suggest that Chipetine was aware that the financial statements they provided were to be used by the defendant Steven Freifeld in attempting to sell his pharmacy business. The plaintiff also alleged sufficient facts to suggest that Chipetine knew the identity of the party relying on the financial records (*see Westpac Banking Corp. v Deschamps,* 66 NY2d 16, 19 [1985]). Thus, the plaintiff alleged affirmative conduct linking Chipetine to the plaintiff's reliance (*see LaSalle Natl. Bank v Ernst & Young,* 285 AD2d 101, 107 [2001]; *cf. Parrott v Coopers & Lybrand,* 263 AD2d 316, 324 [2000], *affd* 95 NY2d 479 [2000]), and the Supreme Court properly declined to dismiss the negligence cause of action against Chipetine.

In order to establish accounting fraud, the plaintiff must show representation of material fact, falsity, scienter, reliance, and damages (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318 [1995]). Since the fraud claim here is based on an omission or concealment of material fact, the plaintiff must also allege that Chipetine had a duty to disclose material information and failed to do so (*see E.B. v Liberation Publs.,* 7 AD3d 566 [2004]). Even in the absence of a fiduciary relationship, a duty to disclose may arise when one party's superior knowledge of essential facts renders nondisclosure inherently unfair (*see Swersky v Dreyer & Traub,* 219 AD2d 321, 327 [1996]). Here, the plaintiff has alleged sufficient facts to suggest that Chipetine was aware of information material to the finances of Freifeld's pharmacy business the plaintiff was seeking to purchase, yet failed to disclose that information. Thus, the plaintiff alleged sufficient facts to support his claim of fraud against Chipetine.

The Supreme Court properly denied the cross motion of Rochester Drug Cooperative, Inc. (hereinafter RDC), for summary judgment dismissing the breach of fiduciary duty cause of ac-

tion insofar as asserted against it. To establish a breach of fiduciary duty, the plaintiff must show the existence of a fiduciary relationship, misconduct that induced the plaintiff to engage in the transaction in question, and damages directly caused by that misconduct (*see Kurtzman v Bergstol,* 40 AD3d 588, 590 [2007]; *Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877, 879 [2006]). A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but not in an arm's-length business transaction involving sophisticated business people (*see WIT Holding Corp. v Klein,* 282 AD2d 527, 529 [2001]).

RDC established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no fiduciary duty to the plaintiff, since it was not party to any agreement placing it in a fiduciary relationship. RDC contends that it was merely a seller of pharmaceuticals, and the pharmacies that the plaintiff owned or managed were simply customers. In response to this showing, however, the plaintiff raised triable issues of fact as to whether a fiduciary relationship nevertheless existed. The creation of a fiduciary duty does not depend upon the existence of an agreement or contract between the parties, but results from the relationship between the fiduciary and the beneficiary (*see Northeast Gen. Corp. v Wellington Adv.,* 82 NY2d 158, 172 [1993]; *Wiener v Lazard Freres & Co.,* 241 AD2d 114, 122 [1998]). Here, the defendant Gary Zweig, an employee of RDC, approached the plaintiff regarding the purchase of Freifeld's pharmacy business. Zweig signed a memo on behalf of RDC containing financial information about the business, offering the plaintiff a loan in the sum of $900,000 from RDC to finance the transaction, and directing the plaintiff to contact RDC's certified financial officer (hereinafter CFO) for more information. RDC's CFO looked at the company's financial statements and allegedly represented to the plaintiff that the company's finances were in "immaculate shape." Moreover, the plaintiff is the sole shareholder of a pharmacy which stands in a fiduciary relationship to RDC (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44 [1985]; *Good Old Days Tavern v Zwirn,* 259 AD2d 300 [1999]). Thus, the plaintiff raised a triable issue of fact as to whether he and RDC had more than an arm's length relationship involving the mere sale of pharmaceuticals and, therefore, summary judgment dismissing the cause of action alleging breach of fiduciary duty was properly denied (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Contrary to RDC's contentions, the Supreme Court properly

granted the plaintiff's motion for leave to serve a second amended complaint (*see* CPLR 3025 [b]). Florio, J.P., Miller, Covello and Austin, JJ., concur.