■ IGOR BENFELD et al., Plaintiffs, v FLEMING PROPERTIES, LLC, Respondent, and IGOR FLEYSHMAKHER, Also Known as ISAAC MARKS, Appellant, et al., Defendant. (And a Third-Party Action.) [932 NYS2d 140]—

The defendant Igor Fleyshmakher, also known as Isaac Marks, established his prima facie entitlement to judgment as a matter of law dismissing the second cross claim of the defendant Fleming Properties, LLC (hereinafter Fleming), for an accounting by demonstrating that he had no fiduciary relationship with Fleming (*see generally Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 643 [2011]). Specifically, Fleyshmakher demonstrated through his affidavit that he had never been a member or a manager of Fleming, and had never acted or purported to act on its behalf, and further demonstrated that Fleming was a member-managed limited liability company (*see* Limited Liability Company Law § 401 [a]). In opposition, however, Fleming raised triable issues of fact as to whether a fiduciary relationship existed. "The creation of a fiduciary duty does not depend upon the existence of an agreement or contract between the parties, but results from the relationship between the fiduciary and the beneficiary" (*Barrett v Freifeld*, 64 AD3d 736, 739 [2009]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-20 [2005]). "A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but not in an arm's-length business transaction involving sophisticated business people" (*Barrett v Freifeld*, 64 AD3d at 739; *see WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]). Here, Fleming raised triable issues of fact regarding the extent of Fleyshmakher's involvement in Fleming and whether Fleyshmakher acted on behalf of and exercised dominion and control over Fleming's operations.

Fleyshmakher's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of Fleyshmakher's motion which was for summary judgment dismissing Fleming's second cross claim for an accounting. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.