DOUGLAS STEIN, as Executor of CLAIRE STEIN, Deceased, et al., Respondents-Appellants, v TED DOUKAS et al., Appellants-Respondents. [951 NYS2d 173]—

In an action, inter alia, to recover damages for fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 3, 2009, as denied their motion pursuant to CPLR

3211 (a) (1), (3), (5), (10) and, in effect, CPLR 3211 (a) (7) and 3016 (b) to dismiss the complaint, or alternatively, pursuant to CPLR 3212 for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment on the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action for failure to comply with the pleading requirements of CPLR 3016 (b), and substituting therefor provisions granting those branches of the motion, (2) by deleting the provisions thereof denying those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second and fourth causes of action for failure to state a cause of action, and substituting therefor provisions granting those branches of the motion, and (3) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants.

This action arises out of the transfers of certain parcels of real property. The plaintiff asserted five causes of action. The first and third causes of action allege fraud, the second and fourth seek punitive damages, and the fifth seeks an accounting. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint on various grounds and for summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, for summary judgment on the complaint. The Supreme Court denied the motion, and denied that branch of the cross motion which was for summary judgment on the complaint. The defendants appeal, and the plaintiff cross-appeals, respectively, from stated portions of the order.

A cause of action to recover damages for fraud requires allegations of (1) a false representation of fact, (2) knowledge of the falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185 [2012]; *Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077 [2011]). Moreover, CPLR 3016 (b) requires that the circumstances underlying a cause of action based on fraud be stated "in detail" (CPLR 3016 [b]; *see Scott v Fields*, 92 AD3d 666, 668 [2012]). Here, inasmuch as the causes

of action alleging fraud contain only bare and conclusory allegations, without any supporting detail, they fail to satisfy the requirements of CPLR 3016 (b). Consequently, the Supreme Court should have granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action for failure to comply with the pleading requirements of CPLR 3016 (b) (*see Orchid Constr. Corp. v Gonzalez*, 89 AD3d 705, 707-708 [2011]; *High Tides, LLC v DeMichele*, 88 AD3d 954, 959 [2011]; *Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010]; *cf. Dumas v Fiorito*, 13 AD3d 332, 333 [2004]).

The defendants also were entitled to dismissal of the second and fourth causes of action, which sought punitive damages, because New York does not recognize an independent cause of action to recover punitive damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]; *99 Cents Concepts, Inc. v Queens Broadway, LLC*, 70 AD3d 656, 659 [2010]). Even if the second and fourth causes of action are deemed to be referable to the causes of action alleging fraud, given the inadequacy of the underlying causes of action alleging fraud, the causes of action seeking punitive damages must be dismissed pursuant CPLR 3211 (a) (7) for failure to state a cause of action (*see Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 961 [2010]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1053 [2010]).

Finally, the fifth cause of action sought an accounting. The defendants established, prima facie, that they were not in a fiduciary relationship with the plaintiff (*cf. Benfeld v Fleming Props., LLC*, 89 AD3d 654, 655 [2011]; *East End Labs., Inc. v Sawaya*, 79 AD3d 1095, 1096-1097 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Akkaya v Prime Time Transp., Inc.*, 45 AD3d 616, 617 [2007]). Consequently, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action (*see Goldfine v Sichenzia*, 73 AD3d 854 [2010]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.