In an action to set aside, on the ground of fraud, conveyances of certain real property and mortgages encumbering the real *684 property, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated August 10, 2012, which granted the separate motions of the third-party defendants pursuant to CPLR 3211 (a) to dismiss the third-party complaint insofar as asserted against each of them.
Ordered that the order is affirmed, with one bill of costs.
The Supreme Court properly granted those branches of the third-party defendants’ motions which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action in the third-party complaint, for common-law indemnification, insofar as asserted against each of them. In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]). “[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is ‘a separate duty owed the indemnitee by the indemnitor’ ” (Raquet v Braun, 90 NY2d 177, 183 [1997], quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]). Here, the third-party complaint does not allege the existence of any duty owed by the third-party defendants to the third-party plaintiff (see Raquet v Braun, 90 NY2d at 183; Balkheimer v Spanton, 103 AD3d 603, 604 [2013]).
The Supreme Court also properly granted those branches of the third-party defendants’ motions which were pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action in the third-party complaint, alleging fraud, insofar as asserted against each of them. “A cause of action to recover damages for fraud requires allegations of (1) a false representation of fact, (2) knowledge of the falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) damages” (Stein v Doukas, 98 AD3d 1024, 1025 [2012]). “Pursuant to CPLR 3016 (b), a cause of action alleging fraud must be pleaded with particularity so as to inform the defendant of the alleged wrongful conduct and give notice of the allegations the plaintiff intends to prove” (McDonnell v Bradley, 109 AD3d 592, 593 [2013]). Here, the third cause of action in the third-party complaint fails to satisfy the requirements of CPLR 3016 (b) because this cause of action contains only bare and conclusory allegations without any supporting detail (see Stein v Doukas, 98 AD3d at 1025-1026).
The Supreme Court also properly granted that branch of the motion of the third-party defendant Kevin Jay Vernick which *685 was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, under Executive Law § 135, which was asserted against him only. Executive Law § 135 provides, in relevant part, that “[flor any misconduct by a notary public in the performance of any of his powers such notary public shall be liable to the parties injured for all damages sustained by them” (Chicago Tit. Ins. Co. v LaPierre, 104 AD3d 720 [2013]; see Executive Law § 135). A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted if “documentary evidence utterly refutes [the] plaintiffs factual allegations, thereby conclusively establishing a defense as a matter of law” (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]). Here, the documentary evidence utterly refutes the allegations of notary misconduct as set forth in the second cause of action.
The appellant’s remaining contentions are without merit.
Mastro, J.P, Balkin, Sgroi and LaSalle, JJ., concur.