■ JOHN IMPERATORE, Respondent, v 329 MENAHAN STREET, LLC, Appellant. [13 NYS3d 526]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated November 7, 2014, which denied its motion for summary judgment dismissing the complaint and on its counterclaims, inter alia, for a judgment declaring that it is entitled to retain the down payment as liquidated damages.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint and on its counterclaims, inter alia, declaring that it is entitled to retain the down payment as liquidated damages is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is entitled to retain the down payment as liquidated damages.

In August 2013, the parties entered into a contract pursuant

to which the defendant agreed to sell, and the plaintiff agreed to purchase, certain real property located in Brooklyn. The plaintiff tendered a down payment in the sum of $64,000. The contract set a closing date of October 30, 2013, and provided that the defendant was to retain the down payment as liquidated damages if the plaintiff defaulted. In a letter dated November 8, 2013, the defendant's attorney informed the plaintiff's attorney that the closing was scheduled for December 3, 2013, that time was of the essence, and that the plaintiff would be considered in default if the closing did not occur on that date, resulting in forfeiture of the down payment as liquidated damages. The plaintiff did not appear at the closing. Thereafter, the defendant's attorney notified the plaintiff's attorney that the defendant was declaring the plaintiff in default of the contract, and retaining the down payment as liquidated damages.

In March 2014, the plaintiff commenced this action for specific performance of the contract of sale. In its answer, the defendant asserted various affirmative defenses and counterclaims, inter alia, for a judgment declaring that it is entitled to retain the down payment as liquidated damages. In the order appealed from, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint and on its counterclaims, inter alia, for a judgment declaring that it is entitled to retain the down payment as liquidated damages. We reverse.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint and on its counterclaims, inter alia, for a judgment declaring that it is entitled to retain the down payment as liquidated damages. The defendant established, prima facie, that it was ready, willing, and able to perform on the law day, and that the plaintiff failed to proceed with the closing (*see Vision Enters., LLC v 111 E. Shore, LLC*, 92 AD3d 868, 870 [2012]; *Pinhas v Comperchio*, 50 AD3d 1117, 1117 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not appear at the closing, tender performance, or demand good title, nor did he show that any alleged defect rendered the title unmarketable (*see Vision Enters., LLC v 111 E. Shore, LLC*, 92 AD3d at 870). Contrary to the plaintiff's contention, an email the defendant's attorney sent to the plaintiff's attorney prior to the closing, offering to extend the closing date for additional consideration, to which the plaintiff's attorney did not respond, did not void the time of the essence declaration. Moreover, there was no evidence of any post-closing negotiations that might have

estopped the defendant from asserting that the plaintiff was in default (*cf. Levine v Sarbello*, 112 AD2d 197 [1985]; *Haiduk v Nassar*, 177 AD2d 545 [1991]).

The plaintiff's remaining contentions are without merit.

Since the defendant's counterclaims, in part, sought declaratory relief, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is entitled to retain the down payment as liquidated damages (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Skelos, J.P., Hall, Roman and Duffy, JJ., concur.