16-3234-cv
*Elizabeth Fisher, et al. v. Cynthia Tice*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand seventeen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                      *Circuit Judges.*

---

ELIZABETH FISHER AND WENDY H. KRIVIT,

        *Plaintiffs-Appellants,*                                    16-3234-cv

        v.

CYNTHIA TICE,

        *Defendant-Appellee,*

ROB'S REALLY GOOD LLC,

        *Intervenor.*

---

**FOR PLAINTIFFS-APPELLANTS:**          WILLIAM DUNNEGAN, (Laura Scileppi, *on the brief*) Dunnegan & Scileppi LLC, New York, NY.

**FOR DEFENDANT-APPELLEE:**                    RONALD LOPEZ, Nixon Peabody LLP,
                                              New York, NY and San Francisco, CA.


Appeal from the judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Elizabeth Fisher and Wendy H. Krivit ("Plaintiffs") appeal the September 8, 2016 judgment of the district court, granting summary judgment to Defendant-Appellee Cynthia Tice ("Defendant") pursuant to Rule 56 of the Federal Rules of Civil Procedure. On appeal, Plaintiffs argue, among other things, that the district court erred in (1) determining that Fisher[1] had manifested an "unequivocal election" to dissolve their alleged joint venture; (2) rejecting Plaintiffs' state-law breach of contract and breach of fiduciary duty claims; and (3) holding that Krivit never entered a joint venture, as a matter of New York law, because she had never agreed to share in the losses of the enterprise. We find these arguments to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

We review *de novo* orders granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Saleem v. Corporation Transportation Group, Ltd.,* 854 F.3d 131, 138 (2d Cir. 2017). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A genuine dispute of material fact exists "where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (internal quotation marks omitted). We are required to resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Id.*

I.     **Existence of a Joint Venture at the Time of Defendant's Alleged Breach**

First, we conclude that the district court properly determined that "when the evidence is viewed collectively, no reasonable jury could find that the joint venture between Fisher and Tice, assuming it once existed, was still in existence at the time that Tice started her own company, to

---

[1] The District Court correctly concluded that Krivit was not a partner to the oral joint venture and thus her actions had no bearing on the question of whether that venture was terminated. *See* JA 47-53, 68.

2

market her own chocolate." SA-38. Under New York law, an at-will joint venture may be dissolved "when either party manifests an unequivocal election to cease the collaboration." *Scholastic, Inc. v. Harris*, 259 F.3d 73, 87 (2d Cir. 2001)(internal quotation marks omitted). Such dissolution can occur "'by conduct as well as words.'" *Id.* at 87 (citations omitted); *accord Gramercy Equities Corp. v. Dumont*, 534 N.Y.S.2d 908, 911 (1988).

Taken together, the July 2010 email exchange agreeing to "go our separate ways," coupled with the protracted period of silence and inactivity that followed and Fisher's eventual admission that "the wheels came off" their venture, establish an "unequivocal election" to terminate the alleged joint venture. As the district court properly noted, it is undisputed (despite continued communication about other subjects) that Fisher and Tice did not communicate at all regarding their venture for nearly two years following their July 2010 email exchange agreeing to "go our separate ways." SA 35-36. It is also undisputed that Fisher did not work on the venture during this entire period. *Id.* Accordingly, we conclude that the district court appropriately determined that no reasonable jury could find that a joint venture between the parties at the time of the Defendant's alleged breach.

## II.      Breach of Contract and Breach of Fiduciary Duty Claims

Second, we reject Plaintiffs' state law breach of contract and breach of fiduciary duty claims. Plaintiffs argue that Tice breached her contract and fiduciary duty when she began selling naturally sweetened chocolate bars through her own, separate company in 2012.  Both claims are premised on the existence of an oral joint venture at the time of the alleged breach. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (requiring a plaintiff to prove "the existence of an agreement" to establish a breach-of-contract claim); *see also Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011) (requiring a plaintiff to prove "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom" to establish a breach of fiduciary duty under New York law); *accord Barrett v. Freifeld*, 883 N.Y.S.2d 305, 308 (2d Dep't 2009).

As discussed above, there was no joint venture between the parties after the July 2010 email exchange agreeing to "go our separate ways." Once the joint venture terminates so do the parties' obligations to one another. Thus Tice's actions in 2012 could not have breached her contract or fiduciary duty because the alleged joint venture had terminated two years earlier and no winding up was occurring because there were no assets. Fisher also argues that Tice improperly used certain "intangible" assets from the joint venture to start her separate company. However, the alleged assets were simply generic business ideas, and Fisher makes no claim that their agreement restricted either party from using these ideas in their future business endeavors. Since the parties' obligations under the joint venture ceased in 2010, and there were no assets to be divided between the parties, we hold that the district court correctly dismissed Plaintiffs' state law breach of contract and breach of fiduciary duty claims.

### III.    Agreement to Share in the Losses Under New York Law

Third, we conclude Krivit never entered into the joint venture, as a matter of New York law, because she never agreed to share in the losses of the enterprise. An agreement to "'share in the profits of the business and submit to the burden of making good the losses'" of the business is "'[a]n indispensable essential of a contract of . . . joint venture'" under New York law. *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 68 (2d Cir. 2003) (quoting *Steinbeck v. Gerosa*, 175 N.Y.S.2d 1, 13 (1958)). As the district court states, Krivit relies on a "minority rule" among intermediate New York state courts holding that an agreement to bear the loss of the value of one's services suffices as a loss sharing agreement for a joint venture. *See, e.g., Cosy Goose Hellas v. Gosy Goose USA Ltd.*, 581 F. Supp. 2d 606, 620 (S.D.N.Y. 2008) (collecting cases recognizing the minority rule). These cases do not comport with our precedents applying New York state law that a joint venturer must "submit to the burden of making good the losses" of the venture. *Dinaco, Inc.*, 346 F.3d at 68. Based on the record, it is clear that Krivit never agreed to share in any losses outside of sharing expenses related to producing her graphic-design work. Krivit argues that this doesn't matter because Tice offered no evidence that the parties expected to incur any losses in connection with the chocolate bar project. However, losses were plainly possible in connection with this endeavor, as evidence by the losses incurred by the prior beverage project. Accordingly, the district court appropriately determined that Krivit was not a party to the joint venture, as a matter of New York law, and granted summary judgment to Defendant.

### CONCLUSION

We have considered all of Plaintiffs' arguments on appeal and found them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4