313 43rd St. Realty, LLC v TMS Enters., LP (2018 NY Slip Op 05013)





313 43rd St. Realty, LLC v TMS Enters., LP


2018 NY Slip Op 05013


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-03107
 (Index No. 512785/15)

[*1]313 43rd Street Realty, LLC, respondent, 
v
TMS Enterprises, LP, et al., appellants, et al., defendant.


Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellants.
Heller Horowitz & Feit, P.C., New York, NY (Stuart A. Blander of counsel), for respondent.



DECISION & ORDER
In an action to recover two down payments made pursuant to two contracts for the sale of real property, the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., appeal from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 16, 2016. The judgment, upon an order of the same court dated February 19, 2016, (1) denying that branch of the motion of the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, (2) granting the plaintiff's cross motion for summary judgment on the complaint and directing the defendants to return to the plaintiff the down payments made pursuant to the contracts for the sale of real property, and, in effect, for summary judgment dismissing the first and second counterclaims asserted by the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., and (3) granting the plaintiff's separate motion pursuant to CPLR 3211(a)(7) to dismiss the third counterclaim of the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., for failure to state a cause of action, is in favor of the plaintiff and against the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., dismissing the counterclaims asserted by those defendants, and in favor of the plaintiff and against the defendants on the complaint and directing them to return to the plaintiff its down payments in the total principal sum of $680,000.
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof which is in favor of the plaintiff and against the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., dismissing their first and second counterclaims, and (2) by deleting the provisions thereof which are in favor of the plaintiff and against the defendants on the complaint and which direct the defendants to return to the plaintiff its down payments in the total principal sum of $680,000; as so modified, the judgment is affirmed, without costs or disbursements, the plaintiff's cross motion for summary judgment on the complaint and directing the defendants to return to the plaintiff the down payments given pursuant to the contracts for the sale of real property, and, in effect, for summary judgment dismissing the first and second counterclaims of the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., is denied, and the order dated February 19, 2016, is modified accordingly.
The plaintiff (hereinafter the buyer) commenced this action to recover two down payments that were made pursuant to two contracts for the sale of two parcels of real property. The defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd. (hereinafter together the sellers), interposed an amended answer that included three counterclaims. The first two counterclaims alleged that the buyer breached the contracts of sale and that the sellers were therefore entitled to retain the down payments. The third counterclaim alleged fraud.
The sellers moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The buyer cross-moved for summary judgment on the complaint and directing the defendants to return the down payments, and, in effect, dismissing the sellers' first and second counterclaims. The buyer separately moved pursuant to CPLR 3211(a)(7) to dismiss the sellers' third counterclaim for failure to state a cause of action.
In an order dated February 19, 2016, the Supreme Court denied that branch of the sellers' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, granted the buyer's cross motion, and granted the buyer's separate motion pursuant to CPLR 3211(a)(7) to dismiss the third counterclaim. The court subsequently entered a judgment in favor of the buyer and against the sellers dismissing the sellers' counterclaims, and in favor of the buyer and against the defendants on the complaint and directing them to return to the buyer its down payments in the total principal sum of $680,000. The sellers appeal from the judgment. We modify.
As a general rule, to prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the evidence must demonstrate that the seller was not ready, willing, and able to perform on the law day (see Cohen v Kranz, 12 NY2d 242, 246; 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 746-747; Imperatore v 329 Menahan St., LLC, 130 AD3d 784, 785; Matter of Hicks, 72 AD3d 1085; Pinhas v Comperchio, 50 AD3d 1117; see also Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 531-532).
Contrary to the sellers' contention, the complaint contained sufficient factual allegations to state a cause of action to recover the disputed down payments. On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87; Randazzo v Nelson, 128 AD3d 935, 936). "Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883 [internal quotation marks omitted]).
Here, the allegations in the complaint that the sellers unilaterally set an unreasonable closing date were inadequate to constitute a "positive and unequivocal" repudiation of the contracts of sale so as to form the basis for a cause of action premised on anticipatory breach of contract (Tenavision, Inc. v Neuman, 45 NY2d 145, 150; see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133; see also Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781). Nevertheless, the complaint adequately alleged that the sellers were "not ready, willing and able to close under [the] [c]ontracts [of sale]." Construed liberally, the complaint states a cause of action for the return of down payments on contracts for the sale of real property (see Pesa v Yoma Dev. Group, Inc., 18 NY3d at 531-532; Cohen v Kranz, 12 NY2d at 246; Martocci v Schneider, 119 AD3d 746, 748; Yu Ling Hu v Zapas, 108 AD3d 621, 622; see generally Leon v Martinez, 84 NY2d at 87-88). Accordingly, we agree with the Supreme Court's determination to deny that branch of the sellers' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
However, the Supreme Court should not have granted the buyer's cross motion for summary judgment. On a motion for summary judgment, the movant must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Only if the [*2]movant succeeds in meeting its burden will the burden shift to the opponent to demonstrate through legally sufficient evidence that there exists a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 560).
Here, the buyer failed to sustain its prima facie burden. The buyer's submissions failed to establish that the sellers were not ready, willing, and able to close, or that they otherwise breached the contracts of sale (see Latipac Corp. v BHM Realty LLC, 148 AD3d 466, 466; Martocci v Schneider, 119 AD3d at 749; cf. Skyline Restoration, Inc. v Roslyn Jane Holdings, LLC, 95 AD3d 1203, 1204; Yu Ling Hu v Zappas, 108 AD3d at 621-622). Inasmuch as the buyer failed to sustain its initial burden, the Supreme Court should have denied its cross motion without regard to the sufficiency of the sellers' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Finally, we agree with the Supreme Court's determination to grant the plaintiff's separate motion pursuant to CPLR 3211(a)(7) to dismiss the sellers' third counterclaim to recover damages for fraud. A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Stein v Doukas, 98 AD3d 1024, 1025). In addition, CPLR 3016(b) requires that the circumstances underlying a cause of action based on fraud be stated "in detail" (see IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707; Moore v Liberty Power Corp., LLC, 72 AD3d 660). Here, inasmuch as the third counterclaim contained only bare and conclusory allegations, without any supporting detail, it failed to satisfy the requirements of CPLR 3016(b) (see Stein v Doukas, 98 AD3d at 1025-1026; Gabriella Truck Sales v Reali, 258 AD2d 437).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court