Jobin Org., Inc. v Bemar Realty, LLC (2018 NY Slip Op 06889)





Jobin Org., Inc. v Bemar Realty, LLC


2018 NY Slip Op 06889


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-10450
 (Index No. 61130/13)

[*1]Jobin Organization, Inc., appellant-respondent,
v Bemar Realty, LLC, etc., respondent-appellant, Jaco Electronics, Inc., respondent.


Couch White, LLP, Albany, NY (Donald J. Hillmann of counsel), for appellant-respondent.
Stagg, Terenzi, Confusione, Wabnik, LLP, Garden City, NY (Ronald M. Terenzi of counsel), for respondent-appellant and respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendant Bemar Realty, LLC, cross-appeals, from an order of the Supreme Court, Suffolk County (Emily Pines, J.), dated September 25, 2015. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on its fifth cause of action, to recover damages for breach of contract. The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's fifth cause of action, to recover damages for breach of contract, and sixth cause of action, alleging breach of the implied covenant of good faith and fair dealing, insofar as asserted against the defendant Bemar Realty, LLC, and on the fifth counterclaim insofar as asserted by the defendant Bemar Realty, LLC, to recover damages for breach of a stipulation of settlement.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On June 18, 2012, the plaintiff and the defendant Bemar Realty, LLC (hereinafter Bemar), entered into a contract whereby Bemar agreed to sell, and the plaintiff agreed to purchase, real property located in Hauppauge (hereinafter the premises). The purchase price was $5,250,000. Upon execution of the contract, the plaintiff made a down payment of $265,000, which was held in escrow by Bemar's attorney. The contract provided that in the event of a default by the plaintiff, Bemar was entitled to retain the down payment as liquidated damages.
Pursuant to the contract, after the closing, the plaintiff would lease a portion of the premises to Bemar to be used by the defendant Jaco Electronics, Inc. (hereinafter Jaco). The President of Bemar, Joel Girsky, was also the President of Jaco. Execution of the lease was a condition of the closing.
The plaintiff and Bemar also entered into a license agreement on June 18, 2012, allowing the plaintiff to occupy a portion of the premises prior to the closing in exchange for the payment of a monthly fee and 21.5% of all utility charges for the premises.
The contract set a closing date of August 1, 2012, but the closing was adjourned to give Bemar time to remediate environmental contamination, and to obtain clearance from the Suffolk County Department of Health Services, in the form of a "No Further Action" letter. The letter was obtained on December 20, 2012. Thereafter, a closing was set for January 30, 2013, but was adjourned at the plaintiff's request.
On February 4, 2013, Bemar sent a letter setting a closing date of February 20, 2013, which indicated that time was of the essence. The plaintiff did not attend the closing on February 20, 2013. Bemar tendered certain documents at the closing, but did not tender a lease signed by Girsky for the space to be used by Jaco. On February 25, 2013, Bemar's counsel advised the plaintiff's counsel that the contract was terminated and the down payment was being released to Bemar.
In March 2013, Bemar commenced a summary holdover eviction proceeding against the plaintiff. Bemar and the plaintiff resolved the holdover proceeding by entering into a stipulation of settlement on April 22, 2013.
In May 2013, the plaintiff commenced this action against Bemar and Jaco. The fifth cause of action was to recover damages for breach of contract, and the sixth cause of action alleged breach of the implied covenant of good faith and fair dealing. The defendants served an answer and interposed counterclaims; the fifth counterclaim was to recover damages for breach of the stipulation of settlement.
As relevant herein, the defendants moved for summary judgment dismissing the fifth and sixth causes of action, and for summary judgment on the issue of liability on their fifth counterclaim. The plaintiff cross-moved for summary judgment, as relevant herein, on its fifth cause of action. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the fifth and sixth causes of action insofar as asserted against Jaco, since Jaco was not a party to the contract, but denied that branch of the motion which was for summary judgment dismissing those causes of action insofar as asserted against Bemar. The court also denied that branch of the plaintiff's cross motion which was for summary judgment on its fifth cause of action, and that branch of the defendants' motion which was for summary judgment on the issue of liability on their fifth counterclaim. The plaintiff appeals, and Bemar cross-appeals.
We agree with the Supreme Court's denial of that branch of the defendants' motion which was for summary judgment dismissing the fifth and sixth causes of action insofar as asserted against Bemar. Since Bemar failed to tender at the closing a lease signed by Girsky for the space to be used by Jaco, it failed to satisfy a condition precedent to the closing, and hence, did not establish, prima facie, that it was ready, willing, and able to close on the law date (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 94 AD2d 947, 947, affd 61 NY2d 106; cf. Iacono v Pilavas, 125 AD3d 811, 812). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the fifth and sixth causes of action insofar as asserted against Bemar, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Dazzo v Kilcullen, 127 AD3d 1126, 1128).
We also agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on its fifth cause of action, seeking return of the down payment. The plaintiff contends that, under the circumstances of this case, the letter sent by counsel for Bemar on February 4, 2013, setting the closing on February 20, 2013, and making time of the essence, did not afford the plaintiff a reasonable time to perform (see Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 871; Miller v Almquist, 241 AD2d 181, 186). "A time-of-the-essence letter which does not give the purchaser sufficient time to perform constitutes a nullity" (Iannucci v 70 Wash. Partners, LLC, 51 AD3d at 871). However, in opposition, the defendants raised a triable issue of fact regarding the sufficiency of the notice period (see Zev v Merman, 134 AD2d 555, 558, affd 73 NY2d 781; 76 N. Assoc. v Theil Mgt. Corp., 114 AD2d 948, 949).
The plaintiff also failed to demonstrate its prima facie entitlement to judgment as a [*2]matter of law on this issue based on its contention that Bemar waived the time of the essence deadline, as the plaintiff failed to eliminate all triable issues of fact (see KPSD Mineola, Inc. v Jahn, 57 AD3d 853, 854; Kistela v Ahlers, 22 AD3d 641, 643; cf. Imperatore v 329 Menahan St., LLC, 130 AD3d 784, 785-786).
We agree with the Supreme Court's denial of that branch of the defendants' motion which was for summary judgment on the fifth counterclaim, seeking damages for the plaintiff's breach of the stipulation of settlement based on the plaintiff's failure to pay its share of the utility charges. The defendants failed to establish their prima facie entitlement to judgment as a matter of law, since the licensing agreement is ambiguous with regard to what is considered a utility charge (see AMCC Corp. v New York City Sch. Constr. Auth., 154 AD3d 673, 676; IPE Asset Mgt., LLC v Fairview Block & Supply Corp., 123 AD3d 883, 886).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court