Monroe 719, LLC v McGhee (2021 NY Slip Op 05965)





Monroe 719, LLC v McGhee


2021 NY Slip Op 05965


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2018-02730
 (Index No. 508321/14)

[*1]Monroe 719, LLC, respondent,
v
John L. McGhee, et al., appellants.


Ernest Wilson, Brooklyn, NY (Stephen Riegel of counsel), for appellants.
Ginsburg & Misk LLP, Queens Village, NY (Hal R. Ginsburg of counsel), for respondent.



DECISION & ORDER
In an action for specific performance of contracts for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated January 9, 2018. The order, insofar as appealed from, in effect, denied the defendants' motion, inter alia, to void three sheriff's deeds of sale.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2014, the plaintiff commenced this action against the defendants for specific performance of three contracts for the sale of three parcels of real property located in Brooklyn (hereinafter the properties).
The plaintiff moved for summary judgment on the complaint, to strike the defendants' affirmative defenses, and to direct the defendants to convey to it good title to the properties. The defendants did not oppose the motion.
In an order dated February 2, 2015 (hereinafter the February 2015 order), the Supreme Court granted the plaintiff's motion on default. Further, the court directed, in relevant part, that, in the event the defendants failed to deliver title to the properties on the closing day set by the plaintiff, the Sheriff of the City of New York (hereinafter the Sheriff) was directed to deliver deeds in accordance with the contracts of sale.
The defendants then moved to vacate their default in opposing the plaintiff's motion. The plaintiff opposed and cross-moved for an order amending or supplementing the February 2015 order.
In an order dated May 11, 2015 (hereinafter the May 2015 order), the Supreme Court denied the defendants' motion to vacate their default, and, as is relevant to this appeal, on the same date, issued an order (hereinafter the supplemental order) granting the plaintiff's cross motion. In the supplemental order, the court directed the plaintiff to pay all liens, judgments, encumbrances, [*2]and transfer taxes relating to the properties, and then "turn over the balance [of the consideration], if any, to the defendant c/o the Sheriff of the City of New York."
Thereafter, in December 2015, the Sheriff, on behalf of the defendants, executed three deeds conveying the properties to the plaintiff (hereinafter the three deeds). After the plaintiff paid the title charges and satisfied the outstanding mortgages on the properties, a balance remained. There is no dispute that the plaintiff did not deliver those funds to the Sheriff pursuant to the supplemental order. Instead, the plaintiff deposited the funds in its counsel's escrow account. Subsequently, the plaintiff tendered $100,000 of that balance to the defendant John L. McGhee, but the plaintiff's counsel continued to hold the remaining balance of the funds in escrow.
The defendants then moved for an order, inter alia, voiding the three deeds, based on, among other things, the plaintiff's failure to comply with the provision in the supplemental order directing the plaintiff to provide the balance of the consideration to the defendants. The plaintiff opposed and cross-moved for a use and occupancy hearing and, upon such hearing, to set the amount determined to be immediately released to the defendants from the monies held in escrow. In an order dated January 9, 2018, the Supreme Court, in effect, denied the defendants' motion on the ground that it was an untimely motion to renew and reargue and determined that there was no basis on which to vacate the three deeds. The court also denied the plaintiff's cross motion on the basis that the plaintiff was already pursuing 11 separate proceedings in another court. The defendants appeal.
Although the Supreme Court should not have treated the defendants' motion as, in effect, seeking leave to renew and/or reargue their motion to vacate their default (see CPLR 2221), the court properly, in effect, denied the defendants' motion. The defendants failed to sufficiently show fraud, misrepresentation, or any other basis that would warrant voiding the three deeds (see generally Stein v Doukas, 98 AD3d 1024, 1025-1026).
The defendants' remaining contention, raised for the first time on appeal, is not properly before this Court.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.

2018-02730 DECISION & ORDER ON MOTION
Monroe 719, LLC, respondent,
v John L. McGhee , et al., appellants.
(Index No. 508321/14)

Motion by the plaintiff to dismiss the appeal from an order dated January 9, 2018, on the ground that no appeal lies from an order denying leave to reargue. By decision and order on motion of this Court dated August 15, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court