New York Annual Conference of the United Methodist Church v Union Methodist Church of S. Ozone Park
2026 NY Slip Op 02993
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

New York Annual Conference of the United Methodist Church, appellant,
v
Union Methodist Church of South Ozone Park, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-07303, (Index No. 709986/23)
Angela G. Iannacci, J.P.
Valerie Brathwaite Nelson
Deborah A. Dowling
Donna-Marie E. Golia, JJ.

Greenberg Traurig, LLP, New York, NY (Daniel R. Milstein, Anne C. Reddy, and Brandon Ghadafii of counsel), for appellant.
BFSNG Law Group, LLP, Syosset, NY (Jennifer M. Vilca and Brad Schlossburg of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Denise N. Johnson, J.), entered July 3, 2024. The order denied the plaintiff's motion for summary judgment on the first, second, and sixth causes of action insofar as asserted against the defendants Union Methodist Church of South Ozone Park, Marsha VanDusen, Joyce Miller, and Cheryl Brown Sockwell, and pursuant to CPLR 3211(b) to dismiss those defendants' affirmative defenses.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the first, second, and sixth causes of action insofar as asserted against the defendants Union Methodist Church of South Ozone Park, Marsha VanDusen, Joyce Miller, and Cheryl Brown Sockwell, and pursuant to CPLR 3211(b) to dismiss those defendants' affirmative defenses is granted.
The plaintiff is the local annual conference of the General Conference of the United Methodist Church. In May 2023, the plaintiff commenced this action against the defendants Union Methodist Church of South Ozone Park (hereinafter Union), Marsha VanDusen, Joyce Miller, and Cheryl Brown Sockwell (hereinafter collectively the defendants), among others, inter alia, to obtain title to and possession of real property held by Union (hereinafter the subject property). The defendants interposed an answer in which they asserted, among other things, various affirmative defenses. The plaintiff subsequently moved for summary judgment on the first cause of action, which sought to quiet title to the subject property, the second cause of action, which sought, inter alia, possession of the subject property, and the sixth cause of action, which sought an accounting, insofar as asserted against the defendants, and pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defenses. In an order entered July 3, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action insofar as asserted [*2]against the defendants. The plaintiff's submissions established, prima facie, that Union was organized in the late 1920s. Since that time, Union has represented itself as a local member of the United Methodist Church and has received financial contributions from the United Methodist Church to purchase and improve real property. The plaintiff further established that as a local member of the United Methodist Church, Union is governed by The Book of Discipline of the United Methodist Church (hereinafter the Discipline) and has held itself out as subject to the Discipline when conducting its affairs. According to the plaintiff, pursuant to the Discipline, all real property held by any local United Methodist Church is held in trust for the benefit of the United Methodist Church, and, upon a declaration that there exists "exigent circumstances" requiring protection of the local United Methodist Church's property, title to all of the local church's property immediately vests in the annual conference within whose geographic jurisdiction the local church property is located. The plaintiff further established that the subject property is located within its geographic jurisdiction and that Union was closed effective December 31, 2022, pursuant to a resolution approved in accordance with the Discipline dated June 19, 2023, declaring the required exigent circumstances (see Matter of New York Annual Conference of the United Methodist Church v Bethel Bible Ministries, 226 AD3d 1127, 1130-1131; Presbytery of Hudson Riv. of Presbyt. Church [U.S.A.] v Trustees of First Presbyt. Church & Congregation of Ridgeberry, 72 AD3d 78, 98; North Cent. N.Y. Annual Conference v Felker, 28 AD3d 1130, 1131; see also Jones v Wolf, 443 US 595, 606).
In opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law on the first and second causes of action insofar as asserted against the defendants, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the defendants' contention, under the circumstances of this case, the requirement that a motion for summary judgment be accompanied by an affidavit was satisfied by the plaintiff's submission of the verified complaint, which was verified by a person having knowledge of the facts and which set forth material evidentiary facts (see CPLR 105[u]; Sanchez v National R.R. Passenger Corp., 21 NY3d 890, 891; Oversby v Linde Div. of Union Carbide Corp., 121 AD2d 373).
The Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment on the sixth cause of action insofar as asserted against the defendants. A party may seek an accounting where it "can establish the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 720 [internal quotation marks omitted]). Here, the plaintiff's submissions established, prima facie, that they were in a fiduciary relationship with the defendants with respect to the subject property and that the defendants breached that duty by leasing the subject property and collecting rent thereon in contravention of the trust created by the Discipline (see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898; Benfeld v Fleming Props., LLC, 89 AD3d 654, 655). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Moreover, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defenses. "'CPLR 3211(b) authorizes a plaintiff to move, at any time, to dismiss a defendant's affirmative defense on the ground that it has no merit'" (Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004 [internal quotation marks omitted], quoting Greco v Christoffersen, 70 AD3d 769, 771). "'[W]here affirmative defenses merely plead conclusions of law without any supporting facts, the affirmative defenses should be dismissed pursuant to CPLR 3211(b)'" (Diaz v 297 Schaefer St. Realty Corp., 195 AD3d 794, 796 [internal quotation marks omitted], quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750). Here, the defendants' affirmative defenses merely pleaded conclusions of law without proffering any supporting facts.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court