## Crafted Interiors Design & Build LLC v Quaife

2024 NY Slip Op 31882(U)

May 31, 2024

Supreme Court, New York County

Docket Number: Index No. 160083/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. LOUIS L. NOCK** | PART 38M |
| | *Justice* | |

---------------------------------------------------------------------------------X

CRAFTED INTERIORS DESIGN & BUILD LLC,

Plaintiff,

- v -

NANCY QUAIFE and ATLANTIC SPECIALTY INSURANCE COMPANY,

Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160083/2023 |
| MOTION DATE | 01/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22

were read on this motion to _____ DISMISS COUNTERCLAIMS _____ .

LOUIS L. NOCK, J.

Plaintiff's motion to dismiss counterclaims is granted in part to the extent that the second counterclaim is dismissed for all the reasons stated by the plaintiff, and the first counterclaim is deemed viable for all the reasons stated by the defendants. The following is provided by way of summary.

Background

Plaintiff contractor alleges that defendant Nancy Quaife failed to pay it for renovation work performed on her residential cooperative apartment, and asserts causes of action for foreclosure of mechanic's lien (in the amount of $29,462.59, and bonded through defendant Atlantic Specialty Insurance Company), breach of contract, account stated, and several equitable causes of action. Defendants allege, by way of counterclaims, that plaintiff's work was violative of Department of Buildings regulations and, thus, inconsistent with the proprietary lease and related alteration agreement entered into between Quaife and her Co-Op building ("The

**160083/2023   CRAFTED INTERIORS DESIGN & BUILD LLC vs. QUAIFE, NANCY ET AL**           **Page 1 of 4**
**Motion No.  001**

Normandy"), as well as in breach of Quaife's contract with plaintiff. The counterclaims include one for breach of contract by plaintiff (first counterclaim) and interference with the proprietary lease and related alteration agreement (second counterclaim). Plaintiff moves to dismiss the counterclaims.

The Second Counterclaim for Interference with Contract is Dismissed

Defendants assert that plaintiff caused Quaife to breach the proprietary lease, rendered Quaife's performance of her obligations thereunder impossible and tortiously interfered with the proprietary lease, and seek recovery of damages from plaintiff allegedly resulting from this tortious interference with contract (Counterclaims ¶¶ 82-83). This counterclaim fails, as a matter of law, and should be dismissed.

"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*MUFG Union Bank, N.A. v Axos Bank*, 196 AD3d 442, 444-45 [1st Dept 2021] [citation omitted], *lv denied* 38 NY3d 996 [2022]; *accord, Anesthesia Assocs. of Mount Kisco, LLP v North Westchester Hosp. Ctr.*, 59 AD3d 473, 476 [2d Dept 2009]). That is, a cause of action exists only where it is the third party to the contract that is induced to, and does, breach. Thus, for example, in *Iacono v Pilavas* (125 AD3d 811, 812 [2d Dept], *lv denied* 25 NY3d 909, *rearg denied* 26 NY3d 947 [2015]), the plaintiff's claim for tortious interference with contract was properly dismissed because the "third-party . . . did not breach the contract; rather, the plaintiff breached the contract."

Here, the applicable third-party is the Normandy. And here, as in *Iacono*, Quaife's counterclaim is not that plaintiff induced the Normandy to breach, or that the Normandy

**160083/2023   CRAFTED INTERIORS DESIGN & BUILD LLC vs. QUAIFE, NANCY ET AL**          **Page 2 of 4**
**Motion No.  001**

2 of 4

breached the proprietary lease or alteration agreement, but that Quaife herself breached, or was caused to breach, the proprietary lease or alteration agreement. Quaife does not allege that plaintiff intentionally induced the Normandy to breach the proprietary lease or alteration agreement. Accordingly, this counterclaim fails to state a cause of action and is dismissed.[1]

The First Cause of Action for Breach of Contract is Viable

The first counterclaim for breach of contract more than sufficiently alleges a claim for breach of contract. In order to plead a cause of action for breach of contract, the pleader must allege that: (1) a contract exists; (2) pleader performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44 [2022]).

There is no dispute that an agreement between plaintiff and Quaife exists. The counterclaim alleges that plaintiff breached that agreement through improper work; that Quaife was entitled by that agreement to terminate plaintiff for cause; and that such improper work caused Quaife to incur costs assessed by the Normandy.

Accordingly, it is

ORDERED that the plaintiff's motion to dismiss the counterclaims is granted to the extent of the second counterclaim for interference with contract, and is otherwise denied; and it is further

ORDERED that a preliminary conference occur June 26, 2024, at 10:00 a.m., at the Courthouse, 111 Centre Street, Room 1166, New York, New York.

---

[1] Moreover, whatever damages are sought by defendants through their counterclaim for interference with contract – now dismissed – are preserved through their counterclaim for breach of contract – sustained as pled hereinafter – as a consequence of such breach.

**160083/2023   CRAFTED INTERIORS DESIGN & BUILD LLC vs. QUAIFE, NANCY ET AL**          **Page 3 of 4**
  **Motion No.  001**

3 of 4

This will constitute the decision and order of the court.

ENTER:

**5/31/2024**
**DATE**

**LOUIS L. NOCK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160083/2023   CRAFTED INTERIORS DESIGN & BUILD LLC vs. QUAIFE, NANCY ET AL**          Page 4 of 4
**Motion No.  001**

4 of 4

[* 4]